[No. 37431.   Department Two.   May 14, 1965.]

THE CITY OF BREMERTON, *Respondent,* v. BENJAMIN B. OS-BORNE, JR., *Appellant.*[*]

*Merkel & Cook,* by *Farrell E. Cook,* for appellant.

*Gerard N. Fisher,* for respondent.

[*]Reported in 401 P.2d 973.

PER CURIAM.—Defendant was charged and convicted of the offense of driving while under the influence of or affected by the use of intoxicating liquor. He appeals, contending evidence of the result of a breathalyzer test was improperly admitted.

In *State v. Baker*, 56 Wn.2d 846, 355 P.2d 806 (1960), we outlined the four requirements which must be shown by the prosecution before the results of a breathalyzer test may be admitted in evidence. The requirements were stated to be (p. 852):

(1) That the machine was properly checked and in proper working order at the time of conducting the test; (2) that the chemicals employed were of the correct kind and compounded in the proper proportions; (3) that the subject had nothing in his mouth at the time of the test and that he had taken no food or drink within fifteen minutes prior to taking the test; (4) that the test be given by a qualified operator and in the proper manner.

A careful review of that portion of the statement of facts brought here on appeal reveals that the prosecution produced prima facie evidence of compliance with each of the foregoing requirements. The defendant did not produce any evidence directly challenging the prima facie showing. He contented himself, rather, with questioning the qualifications of the officer who periodically checked the breathalyzer machine and the sufficiency of the checking and testing procedures. Under our holdings in *State v. Baker, supra,* and *Seattle v. Bryan*, 53 Wn.2d 321, 333 P.2d 680 (1958), defendant's contentions go to the weight rather than the admissibility of the evidence.

Accordingly, we find no reversible error arising out of defendant's assignments of error.

The judgment of the trial court is affirmed.