[No. 49533-5.   En Banc.   January 19, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. KIM
S. PETERSON, *Petitioner.*

*John R. Muenster* and *Kim E. Dupuis* of *Snohomish County Public Defender Association,* for petitioner.

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine* and *Constance M. Crawley, Deputies,* for respondent.

DORE, J.—Defendant was convicted of driving while under the influence of intoxicating liquor (DWI). He appeals, contending evidence of the Breathalyzer test was improperly admitted. The issue raised is whether the State should be required to prove that the Breathalyzer machine was tested and calibrated both before and after the test in order to meet the foundation requirements for admission

into evidence of Breathalyzer test results. We hold that proof of compliance with WAC 448–12–015 satisfies the foundation requirement for Breathalyzer tests. We affirm.

## I

Defendant Peterson was arrested on November 5, 1982 and charged with driving while under the influence of intoxicating liquor. After observing the defendant perform a series of field sobriety tests, the arresting officer transported him to a nearby police van equipped with portable Breathalyzer machines. The officer administered the Breathalyzer test and recorded defendant's blood alcohol level as 0.16.

At trial, the officer testified that he was a "Breathalyzer technician" qualified to operate, repair and maintain the Breathalyzer machine in Washington. He checked and calibrated the machine used in this case on October 26 and November 2, 1982. On both occasions, the Breathalyzer was found to be in proper working order. He further testified that the Breathalyzer machine was working properly when defendant submitted to the test on November 5, 1982. The machine was not checked and calibrated subsequent to the defendant's test.

## II

Defendant argues that the State should be required to prove that the Breathalyzer machine was checked and calibrated both *prior* to and *after* a Breathalyzer test is administered. He contends this is critical to insure its reliability because the Legislature has defined driving while intoxicated in terms of a 0.10 Breathalyzer reading. *State v. Franco,* 96 Wn.2d 816, 639 P.2d 1320 (1982). We disagree.

As part of the foundation requirement for the admission of Breathalyzer test results, the State must introduce prima facie evidence to show that the machine was properly checked and in proper working order at the time of conducting the test. *State v. Baker,* 56 Wn.2d 846, 852, 355 P.2d 806 (1960). The former DWI statute contained a legislative grant of authority to the state toxicologist to pre-

scribe approved methods for maintaining and administering Breathalyzer tests. *See* former RCW 46.61.506.[1] In 1970, the state toxicologist promulgated WAC 448–12–015, defining the procedure for maintaining the Breathalyzer:

> *At least once every three months a maintenance operator must check and calibrate a Breathalyzer machine.* In making that check the maintenance operator must follow all of the steps provided for in WAC 448–12–020. A record must be kept with the machine and the maintenance operator must record the date of test, control number of the ampoule used, and whether the machine is or is not in proper working order.
>
> If the machine tested is in proper working order, then all ampoules bearing the same specific control number as the ampoule used in the test are suitable for use in the machine.

(Italics ours.)

In 1979, the Legislature enacted the current DWI statute, defining the crime in terms of an 0.10 Breathalyzer reading. Laws of 1979, 1st Ex. Sess., ch. 176, § 1, p. 1628; codified in RCW 46.61.502. The authority given to the State toxicologist to prescribe procedures for maintaining and administering the tests remains the same. RCW 46.61.506(3).[2] It is

---

[1]Former RCW 46.61.506(3) provided:

"Chemical analysis of the person's blood or breath to be considered valid under the provisions of this section shall have been performed according to methods approved by the state toxicologist and by an individual possessing a valid permit issued by the state toxicologist for this purpose. The state toxicologist is directed to approve satisfactory techniques or methods, to supervise the examination of individuals to ascertain their qualifications and competence to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the state toxicologist."

[2]RCW 46.61.506(3) states:

"Chemical analysis of the person's blood or breath to be considered valid under the provisions of this section or RCW 46.61.502 or 46.61.504 shall have been performed according to methods approved by the state toxicologist and by an individual possessing a valid permit issued by the state toxicologist for this purpose. The state toxicologist is directed to approve satisfactory techniques or methods, to supervise the examination of individuals to ascertain their qualifications and competence to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the state toxicologist."

interesting that neither the Legislature nor the state toxicologist in the new enactment found it necessary to change the requirement that Breathalyzer machines be checked and calibrated for accuracy every 3 months.

In *State v. Palomino,* 37 Or. App. 309, 312, 587 P.2d 107 (1978), the Oregon court refused to require post–test calibration of the Breathalyzer where the Legislature required the machines to be checked every 60 days:

> The Oregon legislature, by requiring certification testing every 60 days, has mandated that blood alcohol tests could be made on the machine during this interval without further certification. Once the state has laid the basic foundation for admissibility, the accuracy of the machine at the time of the test becomes an issue of fact for the trier of fact.

*Accord, State v. Kaser,* 15 Or. App. 411, 515 P.2d 1330 (1973) (once the test of the Breathalyzer has been certified, there is a presumption that the machine functioned properly for 60 days).

We find the analysis of the Oregon court persuasive. WAC 448–12–015 requires Breathalyzer machines to be calibrated every 3 months to insure their proper functioning. The Legislature is presumed to have been aware of this regulation when it enacted RCW 46.61.502 in 1979, defining the crime of driving while intoxicated in terms of the Breathalyzer reading. *Thurston Cy. v. Gorton,* 85 Wn.2d 133, 530 P.2d 309 (1975); *Ashenbrenner v. Department of Labor & Indus.,* 62 Wn.2d 22, 380 P.2d 730 (1963). The Legislature has created a presumption that Breathalyzer machines will function properly for 3 months if the maintenance requirements of WAC 448–12–015 are met. We hold proof of compliance with this regulation is sufficient to prove that the Breathalyzer was in proper working order at the time of the Breathalyzer test.

In the subject case, the officer testified he checked and calibrated the machine on October 26 and again on November 2, 1982, and found it to be in proper working order. Defendant was arrested and submitted to a Breath-

alyzer test on November 5, 1982. The machine was tested for proper functioning twice in the 10–day period immediately before defendant submitted to the test. This complies with the requirements of WAC 448–12–015. Any challenge to the reliability of the Breathalyzer reading goes to its weight rather than to its admissibility. *State v. Franco, supra; Bremerton v. Osborne,* 66 Wn.2d 281, 401 P.2d 973 (1965).

### III

Defendant also challenges the qualifications of the arresting officer to maintain the Breathalyzer and administer the Breathalyzer test. He contends that there was no testimony at trial proving that such officer was a "maintenance operator" qualified to maintain the Breathalyzer under WAC 448–12–010.[3] The officer testified that he was a "Breathalyzer technician," qualified to operate and maintain the Breathalyzer. The distinction between a "technician" and a "maintenance operator" is a distinction without a difference. The evidence supports the conclusion that the officer was qualified to maintain the Breathalyzer machine and administer the Breathalyzer test. *Seattle v. Rainwater,* 86 Wn.2d 567, 546 P.2d 450 (1976).

We affirm.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

---

[3]WAC 448–12–010 provides:

"The breathalyzer is approved by the state toxicologist as a device for the chemical testing of a person's breath for intoxication. Breathalyzers must be checked and calibrated at least once every three months by a maintenance operator approved by the state toxicologist."