[No. 14755-2-I.   Division One.   April 23, 1986.]

THE STATE OF WASHINGTON, *Petitioner,* v.
PATRICK RYAN, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Jesse Owen Franklin IV* and *Susan Noonan, Deputies,* for petitioner.

*Peter Moote,* for respondent.

RINGOLD, A.C.J.—In District Court, Patrick Ryan was found guilty by a jury of driving while intoxicated. He appealed that decision to the Superior Court, arguing that his speedy trial rights were violated and that the Breathalyzer result was improperly admitted in evidence. The Superior Court found that his speedy trial rights were not violated. The court, however, reversed and remanded to the District Court, because the Breathalyzer evidence was improperly admitted. The State appeals this ruling. We hold that the Superior Court did not err.

On May 20, 1982, Ryan was arrested for driving while under the influence and transported to the police station for a Breathalyzer test. The serial number of the Breathalyzer machine used to test Ryan was 4355. The test ampul used to test Ryan's breath was from batch 8030. A Washington State Patrol officer testified to establish that the machine was properly checked and certified as required by WAC 448–12. The officer stated that Breathalyzer number 4355 was checked on May 17, 1982, using an ampul from batch 21681. February 8, 1982, was the last time the machine had been tested with an ampul from batch 8030. The first test of machine 4355 after Ryan's arrest on May

20, 1982, was on June 14, 1982, using a test ampul from batch 21681.

The only issue presented is whether the Superior Court erred in deciding that the Breathalyzer test was improperly admitted in evidence. Before a Breathalyzer test may be admitted in evidence it must be shown:

> (1) That the machine was properly checked and in proper working order at the time of conducting the test; (2) that the chemicals employed were of the correct kind and compounded in the proper proportions; (3) that the subject had nothing in his mouth at the time of the test and that he had taken no food or drink within fifteen minutes prior to taking the test; (4) that the test be given by a qualified operator and in the proper manner.

*State v. Baker,* 56 Wn.2d 846, 852, 355 P.2d 806 (1960). The first and fourth requirements are at issue in this case.

For the State to fulfill the requirements laid down in *Baker,* a maintenance operator must follow the directives of WAC 448-12-015. *State v. Peterson,* 100 Wn.2d 788, 674 P.2d 1251 (1984). WAC 448-12-015 provides:

> At least once every three months a maintenance operator must check and calibrate a breathalyzer machine. In making that check the maintenance operator must follow all of the steps provided for in WAC 448-12-020. *A record must be kept with the machine and the maintenance operator must record the date of test, control number of the ampoule used,* and whether the machine is or is not in proper working order.
>
> If the machine tested is in proper working order, then all *ampoules bearing the same specific control number as the ampoule used in the test are suitable for use in the machine.*

(Italics ours.) The Superior Court held that "WAC 448-12-015 requires that the ampoule from a particular batch number can be used only if it has been tested in the machine used within ninety days."

The State agrees that WAC 448-12-015 requires that the machines be checked at least once every 3 months. The State contends that once an ampul from a particular batch is tested in a machine, then all ampuls from that batch may

be used in that machine until the batch is exhausted, without need to retest every 90 days.

The State argues that ampuls from more than one batch may be suitable in a machine at the same time. The State assumes that ampuls from a properly tested batch have the same chemical composition as ampuls from any other batch, which has also been tested and approved. If the State's assumption is correct, once batch 8030 had been tested an ampul from that batch could be used in *any* machine that had been tested with ampuls from any batch number. Use would not be limited to the particular machine which was used to test batch 8030. The regulation, however, does not contemplate such a result.

WAC 448–12–015 and –016[1] require that the batch number of the ampul tested in the machine be recorded. Once the test is complete, any ampul from the same batch as the ampul tested is suitable for use in that particular machine. The regulation does not allow ampuls from a batch to be used in a particular machine, unless another ampul from that batch has been tested in that machine.

The only expert testimony presented at trial was from the State Patrol officer who had been certified as a maintenance operator, pursuant to WAC 448–12–040, and was competent to administer Breathalyzer tests. He testified:

We were told to check the ampules by selecting an ampule from the batch that was being used in the field at that time on all the breathal[y]zers and place it in the breathal[y]zer we are certifying on that day and by getting a .10 reading on the machine, or a .09 or .11, the reading within the tolerances, it would show us that the

---

[1]WAC 448–12–016 provides: "The maintenance operator shall give the custodian of the breathalyzer a certificate that he was a maintenance operator on the date he tested and calibrated the machine and include in the certificate the date of the test, serial number of the machine, the specific control number of the ampoule used in the test, that he performed the test in accordance with the methods and rules of the state toxicologist, whether the machine was in proper working order, and if the machine was in proper working order then pursuant to WAC 448–12–015 all ampoules bearing the same specific control number as the ampoule used in the testing of the machine are suitable for use in the machine."

ampule that I used that date was compounded properly, the breathal[y]zer was running properly, and the solution I mixed was mixed properly. And from that date forward after that ampule was used in that machine, that ampule is certified for use in the machine until we change batches or you go on to a new batch or you are out of ampules.

This testimony does not support the State's position. There is no other scientific evidence before this court.

Before an ampul may be appropriately used in a machine, WAC 448–12–015 requires that an ampul with the same batch number must have been tested in the same machine within 3 months. If there is scientific evidence which makes this requirement unnecessary, the regulations should be changed accordingly.

The machine used to test Ryan was properly checked with batch 21681 within 3 months of Ryan's test. The batch number of the ampul used on Ryan, however, was 8030. This batch was not checked in the machine used on Ryan within 3 months of Ryan's test. Thus, under WAC 448–12–015, the ampul used to test Ryan was not "suitable for use in the machine." The test, therefore, was not valid and is inadmissible in evidence.

The judgment of the Superior Court is affirmed and the case is remanded to the District Court for proceedings consistent with this opinion.

COLEMAN and GROSSE, JJ., concur.