535 P.2d 66

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Pete APODACA, Defendant-Appellant.**

**No. 1635.**

Court of Appeals of New Mexico.

April 16, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, App. Defender, Robert R. Rothstein, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, David Metz McArthur, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted in district court, upon an appeal from magistrate's court, of four separate criminal offenses: (1) running a red light, (2) open liquor in motor vehicle, (3) driving with a revoked

**424**

driver's license, and (4) driving while under the influence of intoxicating liquor. We reverse.

The complaint filed in the magistrate's court states under CRIME: "red light violation/open liquor in motor vehicle/license revoked/no driver's license/driving while intoxicated contrary to Sections 64–22–2/71–26–D/64–13–68/64–16–5 N.M.S.A., 1953 Compilation."

Under Statement of Facts, the complaint states:

Ran Red light erratic Driving

Drinking

It is difficult to read the last three words in the Statement of Facts. The defendant and the State read the words as "erratic driving drinking." We accept this reading.

In the magistrate's court, § 36–21–21(a), N.M.S.A.1953 (2d Repl.Vol. 6) provides the contents of a criminal complaint. It reads:

A criminal action is commenced by filing . . . a complaint . . . *containing the facts, common name of the offense charged and,* where applicable, a *specific section number* . . . which contains the offense. [Emphasis added]

■ The three elements named in the emphasized portion of the statute are mandatory. If any one of them is omitted from the criminal complaint, it does not state a criminal charge. State v. Raley, 86 N.M. 190, 521 P.2d 1031 (Ct.App.1974). We shall take each crime charged separately.

■ (a) "Open liquor in motor vehicle" contrary to § "71–26–D". The State concedes that the conviction for this offense is reversible because the section number is unknown to New Mexico statutes and no facts are alleged to support the charge. We agree.

■ (b) "Driving while intoxicated" contrary to § 64–22–2 [N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2)]. This complaint is insufficient because it does not state the "specific section number . . . which contains the offense." Had the complaint referred to subsection (A) of § 64–22–2, supra, the specific section number requirement would have been met. Neither does it state any facts to support the charge. State v. Raley, supra.

■ (c) "License revoked" and "no driver's license" contrary to § 64–13–68 [N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2)]. No facts are alleged to support this charge.

■ (d) "Red light violation" contrary to § 64–16–5 [N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2)]. Again, the "specific section number . . . which contains the offense" was not stated, nor were sufficient facts set forth to support the charge.

Section 64–16–5 contains six separate legends of traffic control signals, in four separate legends of which are subsections applicable to pedestrians.

Subsection C(1) applies to the red signal alone. Under this subsection, the operator of a motor vehicle may turn right at a red light if he first stops and yields the right of way to all pedestrians and vehicles lawfully in or approaching the intersection. This provision permits the operator to "run a red light" under safety conditions.

Subsection D(1) applies to a red signal with a green arrow. The operator of a motor vehicle can "run a red light" if the signal light also contains a green arrow.

■ Use only of the words "ran red light" in the Statement of Facts, plus the absence of the specific section number allegedly violated, failed to meet the requirements for the complaint. State v. Raley, supra.

The judgment is reversed and the cause remanded with a direction to dismiss the complaint.

It is so ordered.

LOPEZ, J., concurs.

HERNANDEZ, Judge (concurring in part, dissenting in part).

I concur with the majority opinion as to "(a) 'Open liquor in motor vehicle.'"

I respectfully dissent as to: "(b) 'Driving while intoxicated'", because in my opinion the words "driving while intoxicated" are commonly understood to mean driving under the influence of intoxicating liquor. This is the common name of the offense and also a factual description of what occurred.

As to "(c) 'License revoked' and 'no driver's license'"; these words coupled with the word "driving" also used in the complaint and the citation to "Section 64–13–68, supra", constitute substantial compliance with § 36–21–21(a), supra, in my opinion.

As to "(d) 'Red light violation'"; these words coupled with the citation to "Section 64–16–5, supra", constitute substantial compliance with § 36–21–21(a), supra, in my opinion. They are the common name of the offense and a factual description of what occurred.