548 P.2d 91

**STATE of New Mexico, Plaintiff-
Appellant,**

v.

**Jerry E. NIXON, Defendant-
Appellee.**

**No. 2190.**

Court of Appeals of New Mexico.

March 16, 1976.

Jerry E. Nixon, pro se.

Toney Anaya, Atty. Gen., Don Montoya,
Asst. Atty. Gen., Santa Fe, for plaintiff-
appellant.

OPINION

WOOD, Chief Judge.

The magistrate court convicted defendant of driving while intoxicated. He appealed to the District Court. The District Court dismissed the complaint. The State appealed to this Court. We discuss the various rulings of the District Court. Rule numbers cited herein are Rules of Criminal Procedure for the Magistrate Courts.

*Sufficiency of the Original Complaint*

Rule 4(a) states:

"A criminal action is commenced by filing with the court a complaint consisting of a sworn statement containing the facts, common name of the offense charged, and where applicable, a specific section number of New Mexico Statutes Annotated, 1953 Compilation, which contains the offense."

The criminal complaint contained the facts. It stated that defendant was driving south without tail lights, that the officer who stopped defendant smelled liquor on defendant's breath, and that a field test was given and defendant failed the test.

The criminal complaint stated the common name of the offense charged. The complaint charged defendant with driving while under the influence of intoxicating liquor.

The criminal complaint contained the specific section number of the New Mexico statutes "which contains the offense". The complaint charged a violation of § 64–22–2, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2). Paragraph (A) of § 64–22–2, supra, states the offense of driving while under the influence of intoxicating liquor.

The original complaint literally met the requirements of Rule 4. The District Court ruled that the original complaint was deficient because "it failed to specify subsections A or B" of § 64–22–2, supra. The District Court based its ruling on *State v. Apodaca*, 87 N.M. 423, 535 P.2d 66 (Ct. App.1975). *Apodaca*, supra, held a com-

plaint did not charge the specific section when it charged a violation of § 64–22–2, supra, but failed to refer to Paragraph A.

*Apodaca,* supra, was incorrectly decided. Paragraph A is a subsection of § 64–22–2, supra. Rule 4 does not require reference to subsections; it requires only a reference to the specific section number of the statute which *contains* the offense. A former magistrate rule which applied to the *Apodaca* case, was § 36–21–1(b), N.M.S.A. 1953 (2d Repl.Vol. 6). It stated that the rules then in effect were to be liberally construed to secure the just, speedy and inexpensive determination of every magistrate court action. Compare Rule 1(b). *Apodaca,* supra, did not follow the rule of liberal construction. To the extent that *Apodaca,* supra, holds that a criminal complaint must state a subsection within a specific statute, it is overruled.

*Amending the Original Complaint*

■ In the magistrate court, the criminal complaint was amended to include a reference to Paragraph (A) of § 64–22–2, supra. The District Court held "that the original complaint would have to stand or fall as originally written in the Magistrate Court Complaint, prior to being amended".

Rule 5(a) states:

"A complaint shall not be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected, because of any defect, error, omission, imperfection, or repugnancy therein which does not prejudice the substantial rights of the defendant upon the merits. The court may at any time prior to a verdict cause the complaint to be amended in respect to any such defect, error, omission, or repugnancy if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

The magistrate court properly allowed the amendment under this rule because no additional or different offense was charged and there was no showing that substantial rights of the defendant were prejudiced.

Although the appeal to the District Court from the magistrate Court was de novo (§ 21–10–1, N.M.S.A.1953 (Repl.Vol. 4) and § 36–15–3, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1975)), the appeal nevertheless is from a judgment or final order of the magistrate court. Section 36–15–1, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1975). The District Court erred in refusing to consider the amendment to the complaint in the magistrate court. In fact, the District Court could have allowed an amendment to the complaint in the appeal to that court. Section 36–15–4, N.M.S.A. 1953 (2d Repl.Vol. 6).

The District Court erred in dismissing the complaint. Its order of dismissal is reversed. Defendant stipulated in the District Court "to all facts necessary for the State to prove its case." Accordingly, the cause is remanded to the District Court to set aside its order and enter a judgment finding defendant guilty of driving while intoxicated and imposing a penalty consistent with § 36–15–3(B)(2), N.M.S.A. 1953 (2d Repl.Vol. 6), that statute being applicable to this case.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.