581 P.2d 460

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Julian BUSTAMANTE,
Defendant-Appellant.**

No. 3243.

Court of Appeals of New Mexico.

June 27, 1978.

Donaldo A. Martinez, Las Vegas, for defendant-appellant.

Toney Anaya, Atty. Gen., Don D. Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of two counts of trafficking in heroin (distribution) and one count of distribution of marijuana, defendant appeals. Issues listed in the docketing statement, but not briefed, are deemed abandoned. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App. 1977). We (1) answer four issues summarily, discuss (2) the agency theory in a distribution charge, and (3) the sentence provision for distribution of a small amount of marijuana for no remuneration.

*Issues Answered Summarily*

■ (a) The indictment was not invalid because the heroin offenses were charged in the alternative. *State v. Gurule*, 90 N.M. 87, 559 P.2d 1214 (Ct.App.1977). Defendant sought, and obtained, a statement of facts and thus had notice of the crime charged. *State v. Gurule*, supra. The failure of the indictment to refer to § 54–11–20(B), N.M. S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1975) did not render the indictment invalid. See *State v. Ferris*, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969); see also *State v. Nixon*, 89 N.M. 129, 548 P.2d 91 (Ct.App.1976).

■ (b) The jury was instructed as to the elements of the heroin offenses in substantial compliance with U.J.I.Crim. 36.10. Certain definitions, taken from the statute, were included in the instruction. Having adequately instructed on the elements of the heroin charge and the meaning of the terms used, refusal of defendant's requested instruction was not error. *State v. Blakley*, 90 N.M. 744, 568 P.2d 270 (Ct.App.1977).

■ (c) Defendant sought production of a report. The report concerned a survey made to determine the feasibility of conducting a study which would review and evaluate crime laboratories across the nation. The state police laboratory participated in the survey to this extent—it was sent ten samples for analysis and correctly analyzed those samples. Defendant sought to require the State to produce this report. Defendant was supplied the name and address of the organization which conducted the survey. The trial court instructed defendant to contact the organization and if a report existed, the trial court would require its production. Defendant's complaint is that the trial court did not require the State to produce the report. The showing to the trial court was that the State did not have the report. It was not error to refuse to require the State to produce a report which was not within the possession, custody or control of the State. Rule of Crim. Proc. 27(a)(5).

■ (d) Defendant sought to have attorney Karelitz prohibited from prosecuting the case for the State. Karelitz and defense counsel Martinez had a discussion, in a coffee shop, about a "drug bust" in Las Vegas. Defendant's claim is based on this discussion. This issue does not involve the situation discussed in *State v. Chambers*, 86 N.M. 383, 524 P.2d 999 (Ct.App.1974). Karelitz never represented defendant and never discussed the case with defendant. The discussion was between the attorneys; the discussion occurred, however, before Karelitz was employed by the district attorney.

Karelitz and Martinez agree that certain possible legal defenses to drug charges were discussed and that Karelitz told Martinez where to find jury instructions in connection with the defenses. This discussion of legal concepts did not disqualify Karelitz from prosecuting the case.

Karelitz informed the trial court that no facts of the case were discussed. Martinez did not assert the contrary. Martinez stated: "I did tell Mr. Karelitz what the State Police and the agents and the informants

had done in the Las Vegas area, generally . . . the different types of activity, methods of operation that they had engaged in". Martinez argued to the trial court that with this knowledge, Karelitz could anticipate the defense. Defendant's brief asserts that Karelitz did in fact anticipate the defense at trial. The transcript references do not support this claim; rather, these references show no more than questioning one would expect from a prosecutor in this type of case.

The trial court did not conduct an evidentiary hearing and did not make a factual determination as to what was discussed by the attorneys. We point out that the trial court was not asked to do so. See *State v. Mata*, 88 N.M. 560, 543 P.2d 1188 (Ct.App. 1975). All we have is the assertions of counsel and these assertions are insufficient to show Karelitz acquired, from Martinez, any factual information concerning defendant's case.

### Agency Theory of Distribution

■ Defendant contends the trial court erred in permitting the prosecution to proceed on a theory of "distribution" rather than "sale". Both theories were included in the alternative charges for the two heroin offenses. The "distribution" theory was included in the prosecutor's statement of facts, furnished to defendant several days in advance of trial. On the morning of trial, defendant requested the prosecution be required to elect its trafficking theory, and was told the theory was "distribution". "THE COURT: All right, that satisfies you, Mr. Martinez?" "MR. MARTINEZ: Yes, Your Honor, we are going to trial on the distribution charge." There was no error in going to trial on a distribution charge.

■ Defendant complains of the refusal of four requested instructions directed to a "sale" theory. One of the refused instructions defined "sale", another would have told the jury that if defendant acted as agent for the police officers in obtaining the heroin, he could not be convicted of *selling* heroin. Since defendant was not being tried for *selling*, refusal of these instructions was proper.

■ A third refused instruction defined agency. A fourth refused instruction would have told the jury that if defendant acted as agent for the police officers in obtaining the heroin, he could not be convicted of *distributing* heroin. Refusal of these instructions was proper; agency is not a defense to the distribution charge. This is shown by the definitions in § 54–11–2, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1975). Paragraph (J) defines "distribute" in terms of "deliver". Paragraph (G) defines deliver as follows:

G. "deliver" means the actual, constructive or attempted transfer from one person to another of a controlled substance *whether or not there is an agency relationship*[.]

(Our emphasis.)

See *United States v. Marquez*, 511 F.2d 62 (10th Cir. 1975).

### Sentence for Distributing a Small Amount of Marijuana for no Remuneration

Defendant was charged with violation of § 54–11–22(A)(1), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1975). This statute reads:

A. Except as authorized by the Controlled Substances Act [54–11–1 to 54–11–39], it is unlawful for any person to intentionally distribute or possess with intent to distribute a controlled substance except a substance enumerated in Schedules I or II which is a narcotic drug. Any person who violates this subsection with respect to:

(1) marijuana is:

(a) for the first offense, guilty of a felony and shall be punished by a fine of not more than five thousand dollars ($5,000) or by imprisonment for not less than one [1] year nor more than five [5] years, or both; and

(b) for the second and subsequent offenses, guilty of a felony and shall be punished by a fine of not more than five thousand dollars ($5,000) or by imprisonment for not less than two [2] years nor more than ten [10] years, or both[.]

Defendant requested jury instructions under § 54–11–22(C), supra, and § 54–11–23(B)(1), (2) and (3), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1975).

Section 54–11–22(C), supra, reads:

C. Notwithstanding subsection A of this section, distribution of a small amount of marijuana for no remuneration shall be treated as provided in paragraph (3) of subsection B of section 54–11–23 N.M.S.A.1953.

Section 54–11–23(B)(1), (2) and (3), supra, read:

B. Any person who violates this section with respect to:

(1) one [1] ounce or less of marijuana is, for the first offense, guilty of a petty misdemeanor and shall be punished by a fine of not less than fifty dollars ($50.00) nor more than one hundred dollars ($100) and by imprisonment for not more than fifteen [15] days and, for the second and subsequent offenses, guilty of a misdemeanor and shall be punished by a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000) or by imprisonment for a definite term less than one [1] year, or both;

(2) more than one [1] ounce and less than eight [8] ounces of marijuana is guilty of a misdemeanor and shall be punished by a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000) or by imprisonment for a definite term less than one [1] year, or both;

(3) eight [8] ounces or more of marijuana is guilty of a felony and shall be punished by a fine of not more than five thousand dollars ($5,000) or by imprisonment for not less than one [1] year nor more than five [5] years, or both[.]

Defendant contends there was a factual issue for the jury as to whether he distributed a "small amount of marijuana for no remuneration", and that refusal of his requested instructions directed to this issue was error.

A violation of § 54–11–22(C), supra, is to be treated as a violation of § 54–11–23(B)(3), supra. The penalty stated in § 54–11–23(B)(3), supra, is the same as the penalty stated in § 54–11–22(A)(1)(a), supra. Recognizing this identity of penalties, defendant asserts the lesser penalties stated in § 54–11–23(B)(1) and (2), supra, are applicable. The statute does not make these lesser penalties applicable.

Defendant's argument is necessarily based on the view that the Legislature intended that the lesser penalties stated in § 54–11–23(B)(1) and (2), supra, should apply to violations of § 54–11–22(C), supra. We disagree.

The reference in § 54–11–22(C), supra, to § 54–11–23(B)(3), supra, was part of the original enactment. Laws 1972, ch. 84, §§ 22 and 23. The amendments in 1974 continued this reference. Laws 1974, ch. 9, §§ 3 and 4. The "notwithstanding" provision of § 54–11–22(C), supra, does not provide for a lesser penalty for the first marijuana distribution offense. The "notwithstanding" provision applies only to second and subsequent marijuana distribution offenses. For second and subsequent marijuana distribution offenses that factually come within § 54–11–22(C), supra, the penalty of § 54–11–23(B)(3), supra, applies and a defendant avoids the higher penalty stated in § 54–11–22(A)(1)(b), supra.

The trial court did not err in refusing the requested instructions based on § 54–11–23(B)(1) and (2), supra, because these provisions do not apply to distribution of marijuana. The only showing is that this was defendant's first marijuana offense. Defendant was properly sentenced for a first offense. Accordingly, we do not reach the question of the appropriate instruction when there is a second or subsequent marijuana distribution offense.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.