582 P.2d 826

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Kenneth W. WILSON, Defendant-Appellee.**

**No. 3474.**

Court of Appeals of New Mexico.

July 25, 1978.

Toney Anaya, Atty. Gen., Lawrence A. Gamble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Brian M. Gross, Albuquerque, for defendant-appellee.

## OPINION

HENDLEY, Judge.

Defendant was arrested and charged with homicide by vehicle while under the influence of intoxicating liquor contrary to § 64–22–1, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2, 1972). He was taken from the scene of the automobile accident to the Bernalillo County Medical Center by a State Police officer. Defendant refused to consent to a blood sample being taken and the officer directed the technician to obtain a blood sample.

The trial court granted defendant's motion to suppress the blood sample and its analysis. The state appealed. We affirm.

The state argues as follows: There is no constitutional prohibition against the taking of the blood sample; "[T]he rationale behind the exclusionary rule is that evidence obtained in violation of *Constitutional*

*rights* must be suppressed"; "Here, however, we have evidence not obtained unconstitutionally, but rather arguably obtained in violation of a statute"; and "that suppressing the instant evidence through the use of the exclusionary rule is inappropriate." This argument is totally without merit.

Section 64–22–2.6, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, 1972) states:

Implied consent to submit to chemical test.—A. Any person who operates a motor vehicle within this state shall be deemed to have given consent, subject to the provisions of the Implied Consent Act [64–22–2.4 to 64–22–2.12], to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood, if arrested for any offense arising out of the acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while under the influence of an intoxicating liquor.

B. A breath test shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle within this state, while under the influence of intoxicating liquor. If the person comes under the provisions of section 64–22–2.8 NMSA 1953 the law enforcement officer may designate the test or tests to be given.

Section 64–22–2.11, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, 1972) states:

Refusal to submit to chemical test— Revocation of license or privilege to drive.—A. If a person under arrest refuses upon request of a law enforcement officer to submit to chemical tests designated by the law enforcement agency as provided in section 64–22–2.6 NMSA 1953, none shall be administered.

B. The commissioner, upon receipt of a sworn report of a law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within this state while un-

der the influence of intoxicating liquor and that, upon his request, the person refused to submit to a chemical test, after being advised that failure to submit could result in revocation of his privilege to drive, shall revoke the person's New Mexico driver's license or any nonresident operating privilege for a period of one [1] year. If the person is a resident, or will become a resident within one [1] year and is without a license to operate a motor vehicle in this state, the commissioner shall deny the issuance of a license to him for a period of one [1] year.

■ It is apparent that the implied consent given by § 64–22–2.6, supra, must be read in conjunction with § 64–22–2.11(A) and that § 64–22–2.11(B) is the state's remedy for refusal to give consent to administer the test. Any other reading of the Implied Consent Act would be contrary to the plain meaning of the Act. Compare, *State v. Richerson,* 87 N.M. 437, 535 P.2d 644 (Ct.App.1975).

■■ The rights given an individual by a statute may be an enlargement of the constitutional guarantees. *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). A right afforded an individual by the legislature is nonetheless a right whether it is an enlargement of a constitutional right or a legislative right. See, *Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). The exclusion of the blood test was appropriate. The sample was taken in violation of a statutory right. Section 64–22–2.11, supra.

The order granting the motion to suppress is affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.