601 P.2d 440

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**James L. STEELE, Defendant-Appellee.**

**No. 4018.**

Court of Appeals of New Mexico.

Sept. 11, 1979.

Jeff Bingaman, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Dan B. Buzzard, Clovis, for defendant-appellee.

OPINION

WALTERS, Judge.

The trial court suppressed the results of a blood-alcohol test taken of defendant without his consent, but under the authority of a search warrant issued upon probable cause. The State appeals.

Several grounds were urged in the trial court in support of defendant's motion for suppression. The sole question presented here, however, is whether, when a driver has been charged with vehicular homicide, § 66–8–111, N.M.S.A.1978, prohibits testing for blood-alcohol content after the driver refuses to .be tested, even though a valid search warrant has been issued for that purpose.

■ New Mexico's Implied Consent Act (§§ 66–8–105 through 66–8–112, N.M.S.A. 1978), provides that one who operates a motor vehicle in this state is deemed to have consented to have his blood tested for alcoholic content if he is arrested for any act alleged to have been committed while driving under the influence of intoxicating liquor. The Act specifically permits such testing if the driver is incapable by death, unconsciousness or otherwise, to refuse the chemical testing. But the section relied on by defendant and persuasive to the trial court reads:

> If a person under arrest refuses upon request of a law enforcement officer to submit to chemical tests designated by the law enforcement agency as provided in [the Act], none shall be administered.

Section 66–8–111 (formerly 64–22–2.11, N.M.S.A.1953).

In *State v. Wilson*, 92 N.M. 54, 582 P.2d 826 (1978) we held it proper to suppress a blood sample taken, over defendant's refusal, upon order of the arresting officer. Judge Hendley there wrote that a statute may enlarge constitutional rights and that a blood sample taken in violation of the statutory right might be suppressed.

The act of obtaining a search warrant to circumvent the statutory prohibition and the result in *Wilson, supra,* is unavailing. We note that the federal and state constitutional prohibitions against unreasonable searches and seizures expressly provide an exception upon issuance of a warrant supported by probable cause. U.S.Const. Amend. IV; N.M.Const. art. II, § 10. No such exception appears in the statute concerned with a "search" for ˙blood-alcohol content.

■ We are led to the only conclusion possible under our reading of the statute; that is, that consent of the offending driver must be obtained before blood test results may be introduced in a trial charging a criminal act resulting from driving while intoxicated.

As was said in *People v. Todd*, 59 Ill.2d 534, 322 N.E.2d 447 (1975), "This is an unfortunate result and a cruel anomaly." It is especially so, considering that compulsory blood tests do not violate constitutional rights, *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and searches accompanying valid arrests, even without search warrants, have long been recognized as constitutionally permissible to seize the fruits of the crime or to prevent destruction of evidence, *United States v. Rabinowitz*, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). We are mindful, too, of the case originating in New Mexico before passage of our Implied Consent Act, *Breithaupt v. Abram*, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448 (1957), in which the Supreme Court upheld the administration of a blood test to an unconscious driver and admission of its results in his subsequent trial for manslaughter.

The statutory proscription is an anomalous prohibition against any search without consent, warrant or not, because there are few more compelling demands for protection of the public over the individual than those which insist upon removing the drunk driver from the arena of carnage he wreaks day in and day out on our public highways.

■ Nonetheless, the legislature alone can write an exception into § 66–8–111 if it wishes to make blood tests obtainable upon issuance of a search warrant; the courts are without power to encroach upon the legislative prerogatives by judicial fiat or, even, by applying constitutional exceptions to statutes specifically denying such exceptions. N.M.Const. art. III, § 1; *see State v. Dennis*, 80 N.M. 262, 454 P.2d 276 (Ct.App. 1969). That being so, the trial court did not err in granting defendant's motion to suppress.

The order of suppression is affirmed.

IT IS SO ORDERED.

LOPEZ and ANDREWS, JJ., concur.