629 P.2d 1242

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Pete CHAVEZ, Defendant-Appellee.**

**No. 5013.**

Court of Appeals of New Mexico.

May 12, 1981.

Certiorari Denied June 23, 1981.

Jeff Bingaman, Atty. Gen., Charles F. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Andrea L. Smith, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

HENDLEY, Judge.

The defendant was charged with driving while intoxicated contrary to § 66–8–102, N.M.S.A.1978 (Supp.1980). The State appeals the trial court's granting of defendant's motion to exclude any evidence of defendant's refusal to undergo a blood alcohol test at the time of his arrest. We affirm.

We decide only the issue of relevancy of the refusal in light of our case law and statutes. The State in its Reply Brief states: "It is apparent from the issue given in the Docketing Statement that the trial judge refused to admit the refusal into evidence because he thought it to be testimonial evidence covered by the Fifth Amendment." However, in its Brief in Chief, the State's argument did not rest merely with the absence of a constitutional prohibition against the admission into evidence of one's refusal to take a blood alcohol test. The State briefed a broader spectrum:

> Taking these cases as a whole, it becomes manifest that there is no constitutional prohibition against admitting a refusal into evidence. The closer question is whether there is some statutory reason not to allow the refusal into evidence. The State submits that because the Legislature has not prohibited the admissibility of a refusal, there is absolutely no reason why it should not be admitted.

With the issue thus framed, we do not address the claim by the State that the Legislature has provided a penalty for refusal as relevant to show that a person does not have the right of refusal. See, §§ 66–8–105, et seq., N.M.S.A.1978 (Supp.1980). This contention does not address the individual's duty, nor does it shed light on the relevance of one's refusal in light of the entire statutory scheme in New Mexico. Nor are we concerned with the assertion that the refusal is relevant as circumstantial evidence of the suspect's belief that the results of the examination would have been incriminating. See, Note, Constitutional Limitations on the Taking of Body Evidence, 78 Yale L.J. 1074 (1969). Such a pronouncement merely invites the contrary view that the admission of one's refusal is misleading, taking the jury too far afield because there might be independent reasons—for example, cost, religious scruples, distrust of the technicians, distrust of the results—motivating one's refusal. See also, the cases pro and con at Annotation, 87 A.L.R.2d 370 (1963).

Our decision in State v. Steele, 93 N.M. 470, 601 P.2d 440 (Ct.App.1979) was based on prior law. In State v. Steele, when the defendant refused to submit to a blood test the officers obtained a valid search warrant and extracted blood samples. This Court held that the Legislature gave the defendant more protection than was afforded by the Constitution and that, after his refusal, the result of the blood alcohol test taken by means of a valid search warrant was properly excluded. Thereafter, the Legislature amended the statute. However, the amendment only permits the State, after a refusal, to obtain a warrant upon a written affidavit showing probable cause.

In light of this history, we find no error in the trial court's exclusion of the defendant's refusal to take the blood alcohol test. Under § 66–8–111, N.M.S.A.1978 (Supp. 1980), the fact of the defendant's refusal would be no more a relevant circumstance to establish consciousness of guilt than the fact of the arresting officer's refraining from obtaining a warrant indicates that he believed that the defendant was not intoxicated. See, State v. Barela, 91 N.M. 634, 578 P.2d 335 (Ct.App.1978). Under the facts of this case, we find no abuse of discretion in the trial court's exclusion of defendant's refusal. It was simply not relevant evidence. N.M.R.Evid. 401 and 403, N.M.S.A.1978.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ, C. J., and WOOD, J., concur.