724 P.2d 769

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Kenneth L. WATKINS,
Defendant-Appellant.**

**No. 9078.**

Court of Appeals of New Mexico.

Aug. 19, 1986.

Certiorari Dismissed Aug. 28, 1986.

Certiorari Denied Sept. 15, 1986.

Jack Smith, Bruce P. Moore, Albuquerque, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

The opinion previously filed on July 24, 1986, is withdrawn and the following substituted therefor.

Defendant appeals his conviction of driving while intoxicated (DWI). He was tried and convicted in metropolitan court. He appealed that judgment to the district court, and his conviction and sentence were affirmed after a trial de novo. We also affirm.

### ISSUES

Seven issues were raised in defendant's docketing statement. Three of these were briefed, and another issue was added in defendant's brief. Issues not briefed are abandoned. *State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App.1985). The four issues are:

1. Was the metropolitan court complaint jurisdictionally defective because it was not filed by defendant's arresting officer?

2. Was the complaint jurisdictionally defective because it failed to specify the offense charged?

3. Did the trial court err in admitting the results of defendant's breath test and testimony concerning the accuracy of that test?

4. Were the breath test machine results sufficiently reliable to form the basis of a conviction?

### FACTS

On August 29, 1985, defendant was arrested at about 10:30 p.m. for DWI by Albuquerque Police Officer Joe Liello.

From about 1:00 p.m. until about 7:00 p.m., defendant drank four or five beers and one margarita at the Albuquerque Country Club. Defendant left the club and, eventually, drove to Garduno's Restaurant where during a period of one and one-half to two hours he drank two margaritas. Defendant left the restaurant at about 10:15 p.m. When he attempted to turn onto Eubank Boulevard, his car collided with another car.

The police were called, and a patrolman, Officer Thompson, arrived soon after the accident. Defendant admitted to Officer Thompson that he had had several drinks with his dinner. This prompted Officer Thompson to call for a DWI officer, who arrived in about ten minutes.

Officer Liello, the DWI officer, conducted field sobriety tests on defendant. Defendant failed to perform adequately, so Officer Liello placed him under arrest for DWI. When the Batmobile arrived, the breath test was administered. The test showed that defendant had a blood-alcohol level of .153%.

A criminal complaint was filed against defendant by Officer W.T. Cottle in metropolitan court. The complaint alleged that defendant was driving while intoxicated and accused him of violating "Section(s) 66–8–102 A & C * * * NMSA 1978." At trial, the results of the breath test were admitted over defendant's objection.

### DISCUSSION

1. Was the metropolitan court complaint jurisdictionally defective because it was not filed by defendant's arresting officer?

NMSA 1978, Metro. Rule 38(d) (Repl.1985) provides that "[w]hen a law enforcement officer makes an arrest without warrant he shall take the arrested person to the nearest available metropolitan court without unnecessary delay. In such cases, a complaint shall be filed forthwith by *the* law enforcement officer and a copy given to the defendant forthwith." (Emphasis added.) This rule would seem to require that the arresting officer (and no other officer) make the complaint against defendant. Defendant argues that because

the arresting officer in his case was Joe Liello, but the complaint against him was filed by W.T. Cottle, there was a jurisdictional defect.

The complaint, however, was not defective on its face. It contained "a sworn statement containing the facts, common name of the offense charged, and * * * a specific section number of New Mexico Statutes Annotated, 1978 Compilation * *." NMSA 1978, Metro.R. 38(a) (Repl.1985). It does not suffer from the defect found in *State v. Chacon*, 62 N.M. 291, 309 P.2d 230 (1957). In *Chacon*, the instrument necessary to charge defendant with a felony was never filed. In this case, such an instrument was filed. *Chacon*, therefore, does not apply to the facts in this case.

Defendant filed motions for rehearing which we denied. His amended motion directed our attention to a case not heretofore cited by the parties. Although that case, *City of Santa Fe v. Baker*, 95 N.M. 238, 620 P.2d 892 (Ct.App.1980), was not overlooked since it was not called to our attention, nevertheless, we believe it appropriate to discuss it.

*Baker* does not support defendant's position. While holding that a private citizen could not file a zoning ordinance complaint, this court remanded for the trial court to consider whether the zoning authority had authorized the filing of the complaint on its behalf. If the zoning authority could authorize a citizen to file on its behalf, under *Baker*, we see no reason why another officer could not sign the complaint on behalf of the arresting officer in the case before us. *See* 22 C.J.S. *Criminal Law* § 305 at 797 (1961) (mere fact that certain officers are authorized to make complaint does not necessarily give them the exclusive right to do so).

In any event, defendant has failed to show that he was prejudiced in his defense because the complaint was not filed by the arresting officer. Because defendant failed to make such a showing, he is precluded from obtaining a new trial, even if error had occurred. NMSA 1978, Metro.R. 39(d) (Repl.1985). Defendant, however, argues that Metro. Rule 39 has no effect on this case. We disagree. The language and intent of the rule are clear on its face. *See* Metro.R. 39(a), (d).

2. Was the complaint jurisdictionally defective because it failed to specify the offense charged?

■ Defendant raises this issue for the first time on appeal. Defendant argues that the complaint was defective because it listed "Section(s) 66–8–102 A & C" as the statute violated and did not choose either A or C. *See* NMSA 1978, § 66–8–102 (Cum. Supp.1986). This argument is without merit. The state may charge defendant with violating the same statute in two different ways. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App.1977). Moreover, the state need not specify which statutory *subsections* were violated under Metro. Rule 38(a)(1). *See State v. Nixon*, 89 N.M. 129, 548 P.2d 91 (Ct.App.1976).

The complaint gave defendant notice of the crime with which he was charged and enabled him to prepare his defense; thus, defendant has made no showing of prejudice. Metro.R. 39(d); *State v. Stephens*, 93 N.M. 458, 601 P.2d 428 (1979). The complaint was not, therefore, defective, and did not deprive the court of jurisdiction. *See State v. Velasquez*, 99 N.M. 109, 654 P.2d 562 (Ct.App.1982). Issues going to nonjurisdictional defects in a complaint may not be raised for the first time on appeal. *State v. Velasquez;* NMSA 1978, Crim.P.R. 33(c) (Repl.1985); NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Repl.Pamp.1983).

3. Did the trial court err in admitting the results of defendant's breath test and testimony concerning the accuracy of that test?

■ Defendant argues that his breath test was not performed in compliance with HED Regulation 82–5 (SLD), and that it was, therefore, inadmissible because compliance with the regulation is mandatory. *See* NMSA 1978, § 24–1–22 (Repl.1986). Relying on *State v. Wilson*, 92 N.M. 54, 582 P.2d 826 (Ct.App.1978), defendant contends that because of failure to comply with the regulation, the test results must

be suppressed. His argument cites to three problems with his test which relate to: (1) Officer Liello's certification; (2) the twenty-minute waiting period; and (3) the maintenance and standardization of the breath testing equipment.

The state raises as preliminary matters the failure by defendant to make the regulation a part of the record on appeal, and the lack of evidence showing the filing of the regulation pursuant to the State Rules Act, NMSA 1978, Sections 14–3–24 to –25, 14–4–1 to –9. *See Hartford Accident & Indemnity Co. v. Beevers*, 84 N.M. 159, 500 P.2d 444 (Ct.App.1972). The state also contends defendant failed to advance one of his challenges at trial. Finally, on the merits, the state argues that there was substantial compliance with the regulation and any failure goes to the weight and not the admissibility of the evidence.

We need not address the preliminary question because the issue is most easily resolved on the merits.

Defendant's argument goes to the reliability of the results of his breath test. He contends that it should not have been admitted because it was unreliable. The unreliability stemmed from the failure to comply with Regulation 82–5. There was testimony that the particular machine in issue was accurate to a factor of .01%. There also was testimony, put on by defendant, that these machines in general are inaccurate plus or minus 10% at a 0.1% blood-alcohol level. It is for the finder of fact to resolve conflicts in the evidence. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). The fact finder determines the weight and credibility of the evidence. *State v. Casteneda*, 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982). It is not within this court's province to hold that evidence inadmissible because there is some question about its weight or credibility. *State v. Lankford; State v. Casteneda*. Defendant's arguments on this point are without merit.

Defendant's reliance on *State v. Wilson* is misplaced. We do not understand that the legislature intended to create a statutory right when it enacted Section 24–1–22,

or to make compliance with regulations promulgated under that section mandatory. Consequently, it is appropriate to consider, as we have done, defendant's claim as essentially an attack on the weight of the evidence.

4. Were the breath testing machine results sufficiently reliable to form the basis of a conviction?

■ Defendant argues that the breath machines generally are only accurate to plus or minus 10%; accordingly, a person could be convicted of DWI when his blood-alcohol content was, in fact, less than 0.1%. Defendant's argument simply ignores all the evidence in this case except the speculative evidence brought forward by his expert.

The evidence was that defendant drank four or five beers and three margaritas over a nine-hour period. This occurred on August 29. The breath testing machine used on defendant was calibrated and was found to have a variation rate of .01% on August 27 and 30. The state's expert testified that the machine was correctly calibrated and accurate. Officer Liello testified that standard procedure was followed in giving the test and that the machine was functioning properly. Liello also testified that, in his opinion, defendant was under the influence of alcohol. The test result was .153%. Based on these facts, there was substantial evidence to support defendant's conviction. *See State v. McCrary*, 100 N.M. 671, 675 P.2d 120 (1984). Defendant's abstract attack on the validity of breath test results does not present this court with an issue to review. *See State v. Hines*, 78 N.M. 471, 432 P.2d 827 (1967); *In re Bunnell*, 100 N.M. 242, 668 P.2d 1119 (Ct.App.1983).

Defendant's conviction of DWI is affirmed.

IT IS SO ORDERED.

HENDLEY, C.J., and MINZNER, J., concur.