761 P.2d 1049

**Richard Kenneth COLLINS, Petitioner,**

v.

**SUPERIOR COURT OF the State of Arizona, In and For the COUNTY OF MARICOPA, Honorable Michael J. O'Melia, a judge thereof, Respondent Judge.**

**STATE of Arizona ex rel. Thomas E. COLLINS, Maricopa County Attorney, Real Party in Interest.**

No. CV–88–0167–PR.

Supreme Court of Arizona, In Banc.

· Sept. 15, 1988.

Debus, Bradford and Kazan, Ltd. by Lawrence I. Kazan, Phoenix, for petitioner.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Deputy Atty., Phoenix, for respondent judge.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for real party in interest.

CAMERON, Justice.

### I. JURISDICTION

Petitioner, Richard Kenneth Collins, seeks review of an order of the court of appeals denying Petitioner's petition for special action. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), Ariz.R.Civ. App.P. 23, 17B A.R.S., and Ariz.R.Sp. Act. 8(b), 17B A.R.S.

### II. ISSUES PRESENTED

We consider only one question:

May blood be extracted from a motorist suspected of driving while under the influence of intoxicating liquors other than as provided by A.R.S. §§ 28–691(A) and 28–692(M)?

### III. FACTS

Petitioner was involved in an automobile accident on 13 May 1987 in which two people were killed. The police officer investigating the accident believed petitioner was driving under the influence of alcohol and that this impairment was the sole cause of the accident.

Petitioner was taken to the Phoenix Police Department and Arizona's Implied Con-

sent Law was explained to him. Petitioner was requested to submit to a breath test. Petitioner refused.

After this refusal a search warrant was issued by Justice of the Peace Donald Stump, of the Tolleson Justice Court, and at 12:48 a.m. a quantity of blood was removed from Petitioner without Petitioner's consent.

At trial, Petitioner requested that the blood test results be suppressed during the trial. The trial court denied his motion, and the Petitioner sought relief in the court of appeals which was denied.

We granted the petition for review because we believe the trial judge and the court of appeals erred.

### IV. LAW

The applicable statutes read:

A. Any person who operates a motor vehicle within this state gives consent, subject to the provisions of § 28-692, to a test or tests of his blood, breath, or urine for the purpose of determining the alcoholic or drug content of his blood if arrested for any offense arising out of acts alleged to have been committed in violation of this chapter while the person was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor or drugs....

B. Following an arrest a violator shall be requested to submit to any test prescribed by subsection A of this section, and if the violator refuses he shall be informed that his license or permit to drive will be suspended or denied if he refuses to submit to the test.

\*　　\*　　\*　　\*　　\*　　\*

D. If a person under arrest refuses to submit to a test designated by the law enforcement agency as provided in subsection A of this section, none shall be given except pursuant to § 28-692, subsection M....

A.R.S. § 28-691(A), (B) and (D) (1987).

Subsection M, referred to above, reads as follows:

Notwithstanding any provision of law to the contrary if a law enforcement officer has probable cause to believe that a person has violated this section and a blood sample is taken from that person for any reason a portion of that sample sufficient for analysis shall be provided to a law enforcement officer if requested for law enforcement purposes. A person who fails to comply with this subsection is guilty of a class 1 misdemeanor.

A.R.S. § 28-692(M) (1987).

In *State v. Cocio*, we held that § 28-692(M) is a narrow exception. We stated that:

[A] warrantless removal of blood from a person suspected of violating A.R.S. § 28-692 is permissible per A.R.S. § 28-692(M) if 1) probable cause exists to believe the person has violated A.R.S. § 28-692(A) or (B), 2) exigent circumstances are present and, 3) the blood is drawn for medical purposes by medical personnel.

*State v. Cocio*, 147 Ariz. 277, 286, 709 P.2d 1336, 1345 (1985).

In the instant case, blood was not drawn for medical purposes by medical personnel, but solely as a result of the search warrant.

In the recent case of *State v. Brita* we stated:

Following the evidentiary hearing in the instant case, the superior court held that the test had to be suppressed because it had not been taken post-arrest as required by the implied consent law and it did not fall within the medical purpose exception of A.R.S. § 28-692(M) as interpreted in *Cocio*. The court of appeals, in a thorough analysis which we approve, agreed with the trial court.

*State v. Brita*, 158 Ariz. 121, 123, 761 P.2d 1025, 1027 (1988); *see State v. Brita*, 154 Ariz. 517, 744 P.2d 429 (App.1987). We are not alone in holding that, in applying similar implied consent laws, blood taken solely as a result of a search warrant after the defendant has refused to submit to the taking of a blood sample is inadmissible. *See State v. Hitchens*, 294 N.W.2d 686 (Iowa 1980); *People v. Cords*, 75 Mich.App. 415, 254 N.W.2d 911 (1977); *State v.*

*Steele,* 93 N.M. 470, 601 P.2d 440 (App. 1979); *Pena v. State,* 684 P.2d 864 (Alaska 1984); *but see Pena,* 684 P.2d at 868 (Comton, J., dissenting).

We believe that *Cocio* and *Brita* are dispositive of this matter.

## V. DISPOSITION

The matter is remanded to the trial court with instructions to suppress the evidence of the involuntary blood sample. Relief granted.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN and MOELLER, JJ., concur.