STATE V. CLYDE

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**FERNANDO CLYDE,**
**Defendant-Appellant.**

Docket No. A-1-CA-37663
COURT OF APPEALS OF NEW MEXICO
May 20, 2019

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY, Karen L. Townsend, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, John C. Bennet, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  JENNIFER L. ATTREP, Judge, BRIANA H. ZAMORA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals from the judgment and sentence convicting him for driving while under the influence of influence of intoxicating liquor or drugs (DWI). Our notice of proposed disposition proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO) to the proposed disposition and a motion to amend the docketing statement. Not persuaded by Defendant's arguments, we deny the motion to amend as non-viable and affirm.

**{2}** Defendant continues to argue that the State failed to present sufficient evidence to establish that the 1992 Farmington Municipal Court DWI conviction was valid and should be considered as a prior conviction for purposes of sentencing. [DS PDF 3] Our calendar notice proposed to affirm on the basis of the district court's determination that the prior conviction was valid because the same case number on the judgment and sentence also appeared on the waiver of counsel, although written sloppily. [CN 2-3; RP 138-139] The MIO continues to assert the argument pursuant to *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. Because Defendant does not point to any specific error of fact or law with the proposed disposition, we affirm the validity of the prior conviction for enhancement purposes. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), superseded by statute on other grounds as stated in *State v. Harris*, 2013-NMCa-031, ¶ 3, 297 P.3d 374.

**{3}** Defendant also continues to argue that imposing an increased sentence based on NMSA 1978, Section 66-8-102(J) (2016), using prior convictions dating before 2016, when the provision became effective, violates Article II, Section 19 of the New Mexico Constitution prohibiting ex post facto laws. [DS PDF 4] *See* N.M. Const. art. II, § 19 ("No ex post facto law, bill of attainder nor law impairing the obligation of contracts shall be enacted by the egislature."). Our calendar notice proposed to conclude that the prohibition against ex post facto laws in our Constitution is not at issue here because at the time Defendant committed the crime, the harsher penalty provisions of Section 66-8-102, effective July 1, 2016, for repeat DWI offenses, namely subsection J, was clearly in effect. [CN 3] *See State v. Smith*, 2004-NMSC-032, ¶¶ 27-28, 136 N.M. 372, 98 P.3d 1022 (holding that where bill—amending DWI statute to provide for harsher penalties for repeat DWI offenders—was actually signed into effect at the time the defendants committed their crimes, the State Constitution's prohibition against ex post facto laws was not at issue). Because Defendant cannot point to any error in fact or law with the proposed disposition, we affirm. *See Mondragon*, 1988-NMCA-027, ¶ 10.

**{4}** Defendant filed, as part of his memorandum in opposition, a timely motion to amend the docketing statement. *See State v. Rael*, 1983-NMCA-081, ¶ 8, 100 N.M. 193, 668 P.2d 309 (stating that a motion to amend is timely when filed prior to the expiration of the time for filing a memorandum in opposition). We grant motions to amend the docketing statement when the movant shows good cause for the amendment. *See id.* Good cause is shown when the motion is timely and the issues the movant seeks to add were either properly preserved or can be raised for the first time on appeal. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, ¶ 2, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See id.* ¶¶ 36-51.

**{5}** The issue that Defendant seeks to add—whether the district court lacked jurisdiction to enter the sentence imposed—is an issue that can be raised for the first time on appeal. [MIO 2] *See State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896 (recognizing that a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds, but that an illegal sentence, such as one not authorized by the applicable statute, may be challenged for the first time on appeal). We nevertheless conclude that the issue Defendant seeks to add is not viable. *See id.* ¶ 42 (stating that the issues sought to be added must be viable—i.e., colorable or arguable—and not devoid of any merit).

**{6}** Defendant argues that the bind-over order and criminal information both charge Defendant with a third-degree DWI [RP 3], and the judgment and sentence also identifies the offense as a third-degree felony, but the sentence for a second-degree DWI was imposed [RP 166, 168]. The MIO indicates that after the criminal information was filed, the State realized that Defendant actually had seven prior DWI convictions, making the potential new one an eighth DWI; Defendant admitted this at a pretrial hearing. [MIO 3] The amended conditional plea expressly states that Defendant agrees to the maximum penalties for sentencing as follows: "eighth or subsequent DWI is a second (2nd) degree felony, which carries twelve (12) years" in prison "ten (10) of which is mandatory, followed by two (2) years of parole[.]" [RP 156] *See* § 66-8-102(K) (providing sentencing consequences for an eighth or subsequent DWI conviction).

**{7}** We conclude that Defendant had adequate notice of the charges so as to prepare a defense. *See State v. Lyon*, 1985-NMCA-082, ¶ 28, 103 N.M. 305, 706 P.2d 516 ("Defendant must be given notice of the crime charged so as to enable him to prepare his defense to that crime."). Defendant pled to the existence of seven prior DWI convictions, although he contested the validity of one, and was aware of the maximum sentence. DWI eighth is not a crime distinct from the charge for DWI and relates only to the enhancement of Defendant's sentence. Although the State initially charged Defendant with DWI seventh, Defendant was put on notice that the State would seek enhancement of his sentence, and the DWI eighth had no effect on the original DWI charge. *See id.* ¶ 27 ("The enhancement sentence is not an element of the conviction; rather, it is a consequence of the prior DWI conviction."). Defendant was given notice that the State discovered an eighth DWI and would seek enhancement. [MIO 3] Defendant pled to an eighth or subsequent DWI, a second-degree felony, and signed the plea notifying him of the maximum sentence. [RP 156, 159] We therefore conclude that Defendant suffered no prejudice. *See State v. Watkins*, 1986-NMCA-080, ¶ 14, 104 N.M. 561, 724 P.2d 769 ("The complaint gave defendant notice of the crime with which he was charged and enabled him to prepare his defense; thus, defendant has made no showing of prejudice."), *superseded by statute on other grounds as recognized by State v. Gardner*, 1998-NMCA-160, ¶ 10, 126 N.M. 125, 967 P.2d 465; *see also State v. Warsop*, 1998-NMCA-033, ¶¶ 24-25, 124 N.M. 683, 954 P.2d 748 (determining that the defendant failed to show how he was prejudiced by the state's alleged failure to give him adequate notice of its intent to seek aggravation of the sentence where the defendant was already on notice of an aggravating fact, namely the level of anger and ill will toward the victim, as it was among the circumstances forming the basis of the

retaliation charges on which defendant was charged). Accordingly, we deny Defendant's motion to amend. *See Moore*, 1989-NMCA-073, ¶ 45 (stating that "we should deny motions to amend that raise issues that are not viable").

**{8}** We do, however, remand to the district court for correction of the judgment to reflect the proper second-degree designation, consistent with the amended conditional plea. *See* Rule 5-113(B) NMRA ("Clerical mistakes in judgments . . . arising from oversight or omission may be corrected.").

**{9}** For all of these reasons, and those stated in our notice of proposed disposition, we affirm and remand to the district court for correction of the judgment and sentence.

**{10} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**