458 P.2d 587

**CANCIENNE, INC., Plaintiff-Appellee,**

v.

**SOUTHWEST COMMUNITY INNS, INC., Defendant-Appellant.**

**No. 8802.**

Supreme Court of New Mexico.

Sept. 8, 1969.

Atwood, Malone, Mann & Cooter, Charles F. Malone, Roswell, for appellant.

E. Ray Phelps, Roswell, for appellee.

## OPINION

FOWLIE, District Judge.

Plaintiff sued defendant April 22, 1968, for rentals due under lease-purchase agreements, executed in 1965, covering music and sound equipment installed by plaintiff in defendant's hotel. Upon trial, without a jury, the court granted judgment to plaintiff for $5,304.75.

Defendant appeals, urging as point I, that the trial judge erred in overruling defendant's motion to dismiss because the plaintiff did not allege and prove that it had a contractor's license, as required under § 67–16–14, N.M.S.A., 1953 Comp. Defendant made an offer of proof substantially as follows: The plaintiff installed approximately 9000 feet of electrical wiring concealed within the hotel walls, physically attached speakers to the ceilings, cut ceilings and walls to recess and build baffles and transformers, speakers, and preamplifiers. This was done by "methods of carpentry," structural alteration of the building, and fabrication and consuming of items of equipment into an electronic and electric system.

Plaintiff argues that, because of the nature of the agreements, the personal property involved did not become a fixture or constitute a part of the building, and that plaintiff was simply installing and maintaining its own property. Plaintiff further argues that the Contractors' License Law should have no application unless the work done results in a permanent accession to the realty which would be lienable under our Mechanic's Lien Law. Although a contractor operating without a license has no right to file a mechanic's lien (§ 67–16–16, N.M.S.A., 1953 Comp.), the application of the Contractors' License Law is not based upon the availability of the lien or the intent of the parties. Rather, we are concerned with the intent of the legislature. Raby v. Westphall Homes, Inc., 76 N.M. 252, 414 P.2d 227, 19 A.L.R.3d 1404 (1966). We note that § 67–16–16, supra, Contractors' License Law, stated that none of its provisions were enacted " * * for the purpose of aiding, conflicting with or amending or repealing the present Mechanic's Lien Law * * *."

The legislature has substantially extended the application of the Contractors' License Law by amendments since 1939, and, in fact, the 1961 statute, applicable here, was repealed in 1967. The amendments resulting in the 1961 statute are shown by brackets indicating deletions, and italics indicating additions, in the following quotation from § 67–16–2, N.M.S.A., 1953 Comp.

"A contractor, within the meaning of the Contractors' License Law * * *, is a person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof, [other than those engaged in highway or railroad construction,] who for either a [fixed sum] price, fee or percentage, [or other compensation other than wages] undertakes or offers to undertake, or purports to have the capacity to undertake to construct, alter, repair, add to or improve any building, excavation, or other structure, project, development or improvement, [other than to personalty,] or any part thereof; Provided, the term contractor [as used in this act] shall include subcontractor, but shall not include anyone who merely furnishes materials, or supplies without fabricating the same into, or consuming the same in the performance of the work of the contractor as herein defined; *Provided, further, nothing herein shall be construed to apply to a public utility in the construction, reconstruction, operation or maintenance of its plant other than construction of buildings; or to the drilling, testing,*

514

*abandoning or other operation of any petroleum or gas well, or to geophysical or similar exploration for oil or gas; and Provided, further; no railroad company shall be construed to be a contractor."*

In considering the legislative intent, we are aware that § 51–1902, N.M.S.A., 1941 Comp., exempted seven subjects, including the following, which would have been applicable to the instant case:

"(f) Retail merchants having a regularly established place of business in the state of New Mexico whose principal business consists in the sale of merchandise other than building materials, but includes furniture, fixtures or furnishings and who incident to the sale of such furniture, fixtures or furnishings perform services in the installation thereof and include the cost of such installation in the sale price.

"(g) Specialty contractors now or hereafter licensed or required to be licensed by acts of the legislature. [Laws 1939, Ch. 197, § 2, p. 474.]"

In 1943 the above subsections were repealed; a 1945 amendment added an additional exemption covering farming, dairying, agriculture, viticulture, horticulture, stock or poultry raising; the entire exemption statute was repealed in 1961. The only remaining exemptions are those found in the last three provisos of § 67–16–2, supra.

In Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965), this court said:

" * * *. It is a familiar rule of statutory construction that the adoption of an amendment is evidence of an intention by the legislature to change the provision of the original law. * * *"

It was held in Salter v. Kindom Uranium Corporation, 67 N.M. 34, 351 P.2d 375 (1960), that the statute applies to all undertakings not excepted from its operation, and the court held that the mining of copper ore, if not within the term "excavation," was certainly within any broad concept of a "structure," "project," "development,"

or "improvement." In Fischer v. Rakagis, 59 N.M. 463, 286 P.2d 312 (1955), it was urged that the making and installation of fixtures, such as a bar, were personalty and, therefore, not within the purview of the Contractors' License Law. This court held otherwise, because the chattels were fabricated into the building, thus bringing the work under the language of the statute.

We have held that the purpose and object of the statute was to require licensing of those engaged in the contracting business to protect the public from unqualified contractors. Martinez v. Research Park, Inc., supra. In the same case, we held that one doing electrical installation work, even though he had an electrician's license, was required to have a contractor's license under the above statute.

The electrical work performed by the plaintiff here distinguishes this case from Raby v. Westphall Homes, Inc., supra, where one merely laying wall-to-wall carpeting was not held to be a contractor. See annotation following Raby in 19 A.L.R. 3d 1407 (1968).

The Contractors' License Law, § 67–16–3, N.M.S.A., 1953 Comp., states:

"It is unlawful for any person, firm, * * * or other organization, * * to engage in the business * * * within the state without having a license therefor as provided in the Contractors' License Law [67–16–1 to 67–16–19], unless such person, * * * *is particularly exempt from the provisions of the Contractors' License Law. * * *"* (Emphasis added.)

Plaintiff has not shown that it is particularly exempt from the provisions of the Contractors' License Law, and, in view of the nature of the work performed by it, we conclude that it was fabricating materials or supplies or using the same in the performance of contracting work and was performing electrical installation. In either case, under the statute then in effect, a contractor's license was required. Martinez v. Research Park, Inc., supra.

In view of the foregoing, it is unnecessary to consider the additional points raised by plaintiff.

The case is remanded with instructions to vacate the judgment.

It is so ordered.

TACKETT and WATSON, JJ., concur.