494 P.2d 984

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Frank J. JORDAN, Defendant-Appellant.**
**No. 771.**

Court of Appeals of New Mexico.
Feb. 25, 1972.

James F. Beckley, Albuquerque, for defendant-appellant.

**572**

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

COWAN, Judge.

The defendant appeals following his conviction of homicide by vehicle, contrary to § 64–22–1, subd. A, N.M.S.A.1953 (Repl. Vol. 9, pt. 2, 1971 Supp.).

Trial was to the court. We reverse. Section 64–22–1, subd. A, supra, states: "Homicide by vehicle is the killing of a human being in the unlawful operation of a motor vehicle."

The charge against the defendant arose out of an intersectional collision in Albuquerque, New Mexico, when a car driven by the defendant ran a red light and collided with a vehicle driven by Franklin Lee Robinson, who died as a result of the collision. The defendant's automobile left between 15 and 20 feet of skid marks before reaching the beginning of the intersection.

Defendant argues that the trial court erred in ruling that criminal intent is not a necessary element of the crime for which he was convicted. The state counters that the trial court ruled only that a specific intent to operate a motor vehicle unlawfully is not necessary for a conviction.

We agree with the defendant's interpretation of the court's ruling. The issue of criminal intent was first raised by motion prior to presentation of evidence. Defendant argued that "unlawful" means no more than ordinary negligence and that ordinary negligence does not carry with it the specific intent to violate a law. The court then overruled the motion, holding that *specific intent* to operate a vehicle *unlawfully* is not necessary.

The defendant renewed the motion at the conclusion of the testimony. The court, in again overruling the motion, at this time indicated quite clearly, in our opinion, that the defendant's violation of the traffic code was, in itself, sufficient to support his conviction. We conclude, from its language, that the court excluded *any* intent as an element of the crime and thus applied incorrect law to the facts of the accident.

The rule set out in State v. Davis, 80 N.M. 347, 455 P.2d 851 (Ct.App.1969), taken from State v. Shedoudy, 45 N.M. 516, 118 P.2d 280 (1941), is controlling here. The act for which defendant was convicted is one "prohibited and made punishable by statute only." In State v. Davis, supra, this court, quoting from *Shedoudy,* said:

> "Generally speaking, when an act is prohibited and made punishable by statute only, the statute is to be construed in the light of the common law and the existence of a criminal intent is to be regarded as essential, although the terms of the statute do not require it. * * * But the legislature may forbid the doing of an act and make its commission criminal, without regard to the intent with which such act is done; but in such case it must clearly appear from the Act (from its language or clear inference) that such was the legislative intent.

> \* \* \* \* \* \*

> "It follows that whether a criminal intent is to be regarded as essential, is a matter of construction, to be determined from a consideration of the matters prohibited, and the language of the statute, in the light of the common law rule. * * *"

Here, as in *Davis,* it does not "clearly appear" that the legislature intended to eliminate intent as a necessary element. It follows that criminal intent, *a mental state of conscious wrongdoing,* is a necessary element of the crime for which defendant was convicted and one which must be proven. State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969).

We do not decide, nor intend to indicate, whether the evidence is sufficient to support a finding of criminal intent. This is for the fact finder at a new trial. Com-

pare State v. Pedro, 83 N.M. 212, 490 P.2d 470 (Ct.App.1971).

In view of what we have said, it is unnecessary to rule on defendant's second point, proof of the *corpus delecti*.

The cause is remanded with instructions to vacate the judgment and sentence heretofore entered and grant the defendant a new trial.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.

HENDLEY, J., not participating.