610 P.2d 745

**Sammy Kenneth LOPEZ, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 12931.**

Supreme Court of New Mexico.

April 16, 1980.

Mark Shapiro, Albuquerque, for petitioner.

Jeff Bingaman, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION

FEDERICI, Justice.

Defendant was tried and convicted of larceny. On appeal, the Court of Appeals held that N.M.U.J.I.Crim. 16.00, N.M.S.A.1978, is erroneous but that it had no authority to declare it so. This Court granted certiorari. We concur with the result reached by the Court of Appeals, but for a different reason.

We do not agree with the statement that N.M.U.J.I.Crim. 16.00 is erroneous. The Court of Appeals failed to set forth in its opinion N.M.U.J.I.Crim. 16.00 and its counterpart, N.M.U.J.I.Crim. 1.50, N.M.S.A.1978, both of which were given at trial and relate to the element of trespassory taking in larceny cases. The Court of Appeals quoted a portion of the Committee Commentary following N.M.U.J.I.Crim. 16.00.

N.M.U.J.I.Crim. 16.00, in its entirety, reads:

For you to find the defendant guilty of larceny [as charged in Count.........][1], the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant took and carried away[2] ......................., belonging to another, [which had a market value[3] over describe property $.......[4]];[5]

2. At the time he took this property, the defendant intended to permanently deprive the owner of it;

3. This happened in New Mexico on or about the .... day of ........ ...,19....

The Committee Commentary following N.M.U.J.I.Crim. 16.00 reads:

See § 30-16-1 NMSA 1978. The intent to permanently deprive the owner or another of the property is the intent to steal. *State v. Rhea*, 86 N.M. 291, 523 P.2d 26 (Ct.App.), *cert. denied*, 86 N.M. 281, 523 P.2d 16 (1974). *State v. Parker*, 80 N.M. 551, 458 P.2d 803 (Ct.App.), *cert.*

*denied*, 80 N.M. 607, 458 P.2d 859 (1969). It is not necessary that the property taken be owned by a certain person. It is only necessary that the property did not belong to the defendant. *State v. Ford*, 80 N.M. 649, 459 P.2d 353 (Ct.App.1969). See also *State v. Puga*, 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973).

This instruction does not use the words "without consent" or the like to indicate that larceny involves a trespassory taking. See generally Perkins, Criminal Law 245-46 (2d ed. 1969). *The committee believed that the element of trespassory taking was covered by this instruction together with the instruction on general criminal intent, Instruction 1.50.* (Emphasis added.)

N.M.U.J.I.Crim. 1.50 reads:

In addition to the other elements of .............................. the state identify crime or crimes

must prove to your satisfaction beyond a reasonable doubt that the defendant acted intentionally when he committed the crime. A person acts intentionally when he purposely does an act which the law declares to be a crime, even though he may not know that his act is unlawful. Whether the defendant acted intentionally may be inferred from all of the surrounding circumstances, such as the manner in which he acts, the means used, [and] his conduct [and any statements made by him].[2]

The Use Note following N.M.U.J.I.Crim. 1.50, reads, in part:

1. This instruction must be used with every crime except for: (1) the relatively few crimes not requiring criminal intent,

. . .

N.M.U.J.I.Crim. 16.00, and N.M.U.J.I. Crim. 1.50, together correctly state the law applicable to larceny.

The judgment of the trial court and conviction of defendant are affirmed.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, PAYNE and FELTER, JJ., concur.