622 P.2d 1052

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Karon SMITH, Defendant-Appellant.**

**No. 4818.**

Court of Appeals of New Mexico.

Jan. 8, 1981.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of forgery contrary to § 30–16–10(A), N.M.S.A.1978, defendant appeals. The sole issue is whether under the facts defendant committed forgery. We affirm.

Higgins purchased auto parts from Henderson-Baker Imports. The payee's name was left blank on the check given in payment for the auto parts. Henderson-Baker was burglarized. Subsequently, defendant presented the check to Mr. Land of Backdoor Enterprises in payment for goods. As a condition precedent to cashing the check, Land wrote "Back Door" in the payee blank and required defendant to put his name and

telephone number on the back of the check. Defendant wrote a fictitious name and telephone number.

Our forgery statute states in part:

Forgery consists of:

A. falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud[.]

Defendant contends that the check was bearer paper (*see*, § 55–3–202(1), N.M.S.A. 1978) and was negotiated by delivery alone. He further asserts that the giving of the name and telephone number was merely for identification purposes and was not a material alteration as required by the forgery statute.

In *State v. Rovin*, 21 Ariz.App. 260, 518 P.2d 579 (1974), the defendant, Rovin, was an employee of the Maldonado Security Agency which had contracted to make nightly checks on Mr. Luna's business. Luna was not acquainted with Rovin. Luna signed a check in blank and left it to his secretary for her to fill out when some newly purchased furniture arrived. Subsequently, the check was filled in for $250.00 and made payable to Rovin. The check was then cashed and the teller cashing the check required that the person endorsing the check furnish his driver's license number, address and telephone number which were recorded under the endorsement.

Rovin argued that he could not be convicted of forgery because Luna's signature was valid and both the payee and endorsement were his true name. The Arizona court disagreed under a statute somewhat comparable to ours. It held that where he came into possession of a check validly signed but not filled in that the unauthorized filling in of the blank spaces was an alteration within the purview of the forgery statute. The court stated that the "[a]lteration of a document without authority to do so may constitute forgery and such alteration may consist of insertion of matter in the document after it has been signed."

We agree with the basic reason set forth in *State v. Rovin, supra.* In the instant case, the check was bearer paper (§ 55–3–111(c), N.M.S.A.1978) and, as such, was negotiable to all the world by delivery (§ 55–3–202(1), *supra*) although the payor had intended it only be payable to Henderson-Baker Imports. The filling in of a payee then restricted the negotiability of the check by restricting it to a single payee. Land was the agent of the defendant when he wrote in "Back Door" since this was a condition precedent to cashing the check.

The check in its original form was an instrument, which upon its face, could be made the foundation of liability and was a good and valid instrument for the purpose for which it was created. *See, State v. Cowley*, 79 N.M. 49, 439 P.2d 567 (Ct.App. 1968). The defendant altered a writing purporting to have legal efficacy with an intent to defraud. The acts of defendant constituted the crime of forgery under the facts of this case.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ, C. J., and WOOD, J., concur.