655 P.2d 161
**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Ken BRYANT, Defendant-Appellee.**

**No. 5857.**

Court of Appeals of New Mexico.

Nov. 23, 1982.

Jeff Bingaman, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

J.W. Anderson, Carlsbad, for defendant-appellee.

## OPINION

DONNELLY, Judge.

Does the term "stolen" as utilized in the statute declaring it to be a crime to receive stolen property contrary to § 30–16–11, N.M.S.A.1978, encompass "embezzled" property? We hold that it does not.

The State appeals an order of the trial court which dismissed, prior to trial, a criminal complaint charging the defendant Ken Bryant with receiving stolen property having a value in excess of $2,500.00.

For the purpose of the Court's consideration of defendant's motion to dismiss, both the State and defense agreed to the following stipulation:

The state's version of the case, if accepted by the court and jury, would prove that the goods possessed by the Defendant were embezzled goods at the time they were received by Defendant and that Defendant knew they were embezzled goods. The state could not prove that the goods were received from a person who was not in lawful possession of them and who had obtained them by larceny. This stipulation is entered without

admission by the Defendant that the state could prove the goods were embezzled by another. The Defendant stipulates that the best version of the state's case would be that the goods were embezzled goods.

The criminal information charged that the defendant "did intentionally receive, retain or dispose of stolen property belonging to Core Laboratories, and being in excess of $2,500 in value * * *."

The trial court's order dismissing the charge against defendant stated in applicable part "[t]hat even if the State could prove that the goods received by the Defendant were embezzled goods, the proof would not support a conviction under the terms of Section 30–15–11, NMSA, 1978 Comp."

The State argues on appeal that "embezzled property" is also a statutory species of "stolen property" within the meaning of § 30–16–11, *supra.*

A review of the applicable statutes and their legislative history supports the ruling of the trial court below. Section 30–16–11, *supra,* provides in applicable part: "A. Receiving stolen property means intentionally to receive, retain or dispose of stolen property knowing that it has been stolen or believing it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner."

■ Embezzlement differs from the crime of larceny in that the property which is the subject of embezzlement was originally lawfully obtained by the accused and was later fraudulently converted or appropriated to his own use with an intent to deprive the owner thereof. *State v. Moss,* 83 N.M. 42, 487 P.2d 1347 (Ct.App.1971); *see also* N.M.U.J.L. Crim. 16.31, N.M.S.A. 1978 (Repl.Pamph.1982). Larceny, contrasted therewith, involves the element of an original wrongful taking or trespass. *State v. Curry,* 32 N.M. 219, 252 P. 994 (1927); *State v. Robertson,* 90 N.M. 382, 563 P.2d 1175 (Ct.App.), *cert. denied,* 90 N.M. 637, 567 P.2d 486 (1977); *see also State v. Lopez,* 94 N.M. 349, 610 P.2d 753 (Ct.App.), *aff'd* 94 N.M. 341, 610 P.2d 745 (1980).

The above statute, prior to its amendment by N.M.Laws 1972, ch. 77, § 1, read: "Receiving stolen property consists of buying, procuring, receiving or concealing anything of value, knowing the same to have been *stolen or acquired by fraud or embezzlement.*" (Emphasis supplied.) § 40A–16–11, N.M.S.A.1953 (Repl.Vol. 6, 1964).

■ Defendant contends that the Legislature is presumed to know the existing law when it amends or modifies an existing statute and that by deleting the reference to "embezzlement" such amendment must be construed as an intention that "embezzled" property would no longer be deemed within the prohibition of such statute. *State ex rel. Bird v. Apodaca,* 91 N.M. 279, 573 P.2d 213 (1977); *see State v. Tapia,* 89 N.M. 221, 549 P.2d 636 (Ct.App.1976). An adoption of a statutory amendment is presumptive evidence of an intention by the Legislature to change the provisions of the former law and to accord a meaning different from that which existed prior to the amendment. *Apodaca, supra; see also Cancienne, Inc. v. Southwest Community Inns, Inc.,* 80 N.M. 512, 458 P.2d 587 (1969). Legislative intention in amending a statute may be determined by examination of the legislative history of the act, its purposes, and its effects under the various constructions suggested. *James v. County Commissioners,* 24 N.M. 509, 174 P. 1001 (1918); *Vaughn v. United Nuclear Corp.,* 98 N.M. 481, 650 P.2d 3 (Ct.App.1982), *cert. quashed,* August 31, 1982.

■ The offense of embezzlement is purely a statutory crime and did not exist at common law. *Territory of New Mexico v. Maxwell,* 2 N.M. 250 (1882); *Ex Parte Sanders,* 23 Ariz. 20, 201 P. 93, 17 A.L.R. 980 (1921). A statute designed to effect a change from that which existed under the common law must be strictly construed; it must speak in clear and unequivocal terms and the presumption is that no change is intended unless the statute is explicit. *State v. Stovall,* 648 P.2d 543 (Wyo.1982); *see State v. Jordan,* 83 N.M. 571, 494 P.2d 984 (Ct.App.1972); *see also* § 30–1–3, N.M.S.A.1978.

■ Although conceding that the term "embezzlement" was deleted from § 30–16–11, *supra,* by the 1972 amendment, the State argues nevertheless such terminology is yet embraced within the meaning of "stolen property" as provided in the offense of receiving stolen property. The State contends that the term "embezzled goods" was removed from the statute because it was mere surplusage. In support of this contention the State relies upon precedent of other jurisdictions. *See e.g. United States v. Turley,* 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957). Examination, however, of the case law and legislative history of § 36–16–11, *supra,* we think clearly distinguishes such cases from that of the instant case.

The statute making it a criminal offense to receive stolen property was altered by the Legislature in 1963, when it adopted the new criminal code at the recommendation of the Criminal Law Study Committee. Under the 1963 revision, the Legislature added embezzled goods in its definition of "receiving stolen property." However, the express reference to embezzled goods was subsequently removed from the statute by the 1972 amendment. Laws 1972, *supra.* Technical words and phrases which have acquired a peculiar and appropriate meaning in law are to be construed according to such meaning. § 12–2–2(A), N.M.S.A. 1978. In effecting this amendment the Legislature must be presumed to have intended to modify the law to delete the reference and insertion of embezzled property accomplished by the 1963 revision. *State ex rel. Bird v. Apodaca, supra.*

■ The decision as to which acts shall be declared criminal offenses is entirely a legislative function. *State v. Pendley,* 92 N.M. 658, 593 P.2d 755 (Ct.App.1979). In the absence of a statutory provision which expressly declares the offense of embezzlement to be embraced within the offense of larceny, the crime of receiving stolen property, knowing it to have been stolen, does not include property which was embezzled and the Legislature must be deemed to have purposefully effected such change. *See Lyall v. State,* 247 Ind. 465, 217 N.E.2d 154 (1966); *Commonwealth v. Leonard,* 140 Mass. 473, 4 N.E. 96 (1886); *State v. Bright,* 269 S.W.2d 615 (Mo.1954).

The order of the district court is affirmed.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.