1999-NMCA-001

972 P.2d 1153

### STATE of New Mexico, Plaintiff–Appellee,

v.

### Ermilio MONTOYA, Defendant–Appellant.

### No. 19,222.

Court of Appeals of New Mexico.

Nov. 17, 1998.

Certiorari Denied, No. 25,502, Jan. 6, 1999.

Tom Udall, Attorney General, Patricia Gandert, Ass't Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Nina Lalevic, Ass't Appellate Defender, Santa Fe, for Appellant.

*OPINION*

PICKARD, J.

{1} In *State v. Gardner,* 1998–NMCA–160, ¶ 9, 126 N.M. 125, 967 P.2d 465, this Court held that compliance with the twenty-minute observation requirement stated in the Department of Health Regulations was a prerequisite to admissibility of breathalyzer test results. In this case, the question we address is whether the result of the breath alcohol test administered to Defendant is admissible when the breathalyzer machine is calibrated within seven days immediately preceding the test, but the subsequent calibration was not done within the seven-day period prescribed by Department of Health Regulations. We hold that it is and affirm.

**BACKGROUND**

{2} On May 25, 1997, Defendant was charged with Aggravated Driving While Under the Influence of Intoxicating Liquor or Drugs (DWI). The State based the DWI on Defendant's breath test which showed a breath alcohol content of .16 or more. The parties stipulated that the breath machine was calibrated on May 21, 1997, and then not calibrated again until May 30, 1997. Both calibrations showed the machine to be working properly. Defendant was arrested and his breath test was administered on May 25, 1997, just four days after the first calibration.

{3} Defendant contends that the breath test should not have been admitted into evidence due to the State's inability to prove that the breath machine was calibrated every seven days. Defendant bases his argument on NMSA 1978, § 66–8–107 (1993), which mandates that the tests be done in accordance with Department of Health (DOH) regulations. The regulation applicable to this case states: "The instrument shall be maintained and calibration checked by the Key Operator. Calibration checks shall be made a minimum of once every seven days." 7 NMAC 33.2.10.2.2.2 (October 31, 1996).

{4} Defendant filed a motion to suppress the breath alcohol test results. He argued that the test results should be inadmissible because the test was administered in violation of Section 66–8–107(B) due to the violation of DOH regulation 10.2.2.2. There is no

dispute between the parties that the subsequent calibration was performed after a nine-day interval. The district court denied Defendant's motion to suppress.

## DISCUSSION

*Standard of Review*

{5} This Court ordinarily reviews rulings of admission or exclusion under an abuse-of-discretion standard, deciding whether the law was correctly applied to the facts, when viewed in a manner most favorable to the prevailing party. *See State v. Hoeffel,* 112 N.M. 358, 361, 815 P.2d 654, 657 (Ct.App. 1991). However, the historical facts are not disputed here, and the question is the application of the law to the undisputed facts. Therefore, the appropriate standard of review on appeal in this case is the de novo standard for questions of law. *See generally State v. Attaway,* 117 N.M. 141, 144–45, 870 P.2d 103, 106–07 (1994).

*Violation of Statute and Regulation*

{6} Initially, we note that the parties stipulated that the breath machine was calibrated on May 21, 1997, and then not calibrated until May 30, 1997. Thus, the issue presented to the trial court was whether the breath test should be suppressed because the machine was not subsequently calibrated within the seven-day period in accordance with the regulations. We affirm the trial court's admission of the breath test results notwithstanding the fact that the calibration of the breath machine in the present case was not done within the seven-day period after May 21, 1997.

{7} In *Gardner,* we held that compliance with the twenty-minute observation requirement was a prerequisite to admissibility of breathalyzer test results. *See Gardner,* 1998–NMCA–160, ¶ 9, 126 N.M. 125, 967 P.2d 465. We did so because of the 1993 legislative amendments to the Implied Consent Act, which made it necessary for breath tests to be taken in accordance with the DOH regulations. The question in this case is whether there was sufficient compliance with the calibration-every-seven-days regulation.

{8} Our *Gardner* decision relied on out-of-state cases stating that the purpose of complying with the waiting-period requirements for breath alcohol tests is to insure the accuracy of the tests. *See id.* ¶¶ 11–12, 126 N.M. 125, 967 P.2d 465 (relying on *People v. Boughner,* 209 Mich.App. 397, 531 N.W.2d 746, 747 (1995)). Moreover, when these administrative requirements are not complied with, the State has failed to lay a proper foundation of accuracy for admission. *See Gardner,* 1998–NMCA–160, ¶¶ 11–12, 126 N.M. 125, 967 P.2d 465.

{9} In *Gardner,* the twenty-minute waiting period for observation was violated when the defendant was allowed to go to the bathroom unobserved within the twenty-minute period. *See id.* ¶ 3. Given this evidence, we held that the State failed to lay the proper foundation of accuracy for admission of the breathalyzer test results. The purpose of compliance with the regulation at issue in *Gardner* is to ensure that the defendant does not compromise the test results. *See id.* ¶¶ 11–12. Therefore, because the defendant in *Gardner* compromised the test results when she was allowed to go to the bathroom unobserved, we held that the failure to comply with the regulation rendered the test results inadmissible. *See id.* ¶ 9. In essence, we held that, in amending the DWI statutes, the legislature intended that compliance with at least those regulations that went to the accuracy of the test would be a condition precedent to admissibility.

{10} In contrast to *Gardner,* in the present case, the briefs did not cite to any case law from any jurisdiction specifically holding that a seven-day (or other) calibration requirement is not met when a defendant's breath alcohol test is given within seven days (or the otherwise applicable number of days) of the calibration immediately preceding the test, the next calibration was not done within the applicable number of days, but both calibrations show that the machine was working properly. Therefore, we join other states' cases that have been called to our attention by the briefs that have held that the calibration requirement is satisfied for admissibility purposes when the defendant's test is within the applicable number of days stated in the regulation from the last calibration.

{11} The cases are to the effect that the facts in existence at the time of the defendant's test govern whether the foundational requirements relating to calibration have been met. *See State v. Palomino,* 37 Or. App. 309, 587 P.2d 107, 109 (1978) (holding that when the legislative requirement is a calibration every 60 days, a defendant's test within 60 days after the last calibration will satisfy the necessary foundation and anything that occurs after the defendant's test, including demonstrated machine malfunction, will go only to the weight to be accorded the test); *State v. Vigil,* 772 P.2d 469, 471 (Utah Ct.App.1989) (same); *State v. Peterson,* 100 Wash.2d 788, 674 P.2d 1251, 1253–54 (1984) (en banc) (same).

{12} The purpose of calibration is to ensure that the machine is working properly so that a valid breathalyzer test result is obtained. This goal was not compromised simply because the State did not make the next calibration within the seven-day period. According to the out-of-state cases cited above, the purpose of the regulation is satisfied notwithstanding that the next calibration was after the seven-day interval. *See also State v. Jones,* 1998–NMCA–076, ¶¶ 18–19, 125 N.M. 556, 964 P.2d 117 (stating that strict compliance with NMSA 1978, § 66–8–109(B) (1993) was not required because the purpose of the statute—to inform an arrestee of his or her right to have an independent chemical test performed by a person of his or her own choosing—could be satisfied without a precise recital of the statutory language). In the present case, the calibration test results indicated that the machine was working properly both before and after Defendant's breathalyzer test, and the calibration prior to the test was within seven days of the test. Therefore, we hold that the foundational requirement stated in the statute, and by reference the regulation, was met at the time of Defendant's test and any deviation from the regulation that occurred after Defendant's test does not compromise the purpose of the regulation and will be deemed to go to the weight of evidence, not its admissibility. *See State v. Watkins,* 104 N.M. 561, 563–64, 724 P.2d 769, 771–72 (Ct.App.1986).

## CONCLUSION

{13} We hold that the requirement of calibration every seven days is met when Defendant's breathalyzer test is within seven days of the initial calibration, particularly under the circumstances of this case when the subsequent calibration shows the machine is still working properly. Accordingly, we affirm the trial court's admission of Defendant's breath test result and the conviction.

{14}  **IT IS SO ORDERED.**

HARTZ, C.J., and DONNELLY, J., concur.