2001-NMCA-015

24 P.3d 316

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Victor CARBAJAL, Defendant–Appellee.**

No. 20,479.

Court of Appeals of New Mexico.

Feb. 14, 2001.

Certiorari Granted, No. 26,829 April 12, 2001.

Patricia A. Madrid, Attorney General, Santa Fe, NM, Max Shepherd, Ass't Attorney General, Albuquerque, NM, for Appellant.

Phyllis H. Subin, Chief Public Defender, Will O'Connell, Ass't Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

PICKARD, Judge.

{1} This case provides us with yet another opportunity to apply the seemingly technical rules governing theft-like offenses. At issue are two questions: (1) whether writing one's true name in the payee line of a lost traveler's check can be forgery and (2) whether possessing another lost check at the same time can amount to receiving stolen property. We hold that the charge of forgery is supported, but the charge of receiving stolen property is not. The trial court had granted Defendant's motion to dismiss both charges. Accordingly, we affirm in part and reverse in part.

## FACTS

{2} Mr. Jost bought and then lost traveler's checks. He had signed his name on the upper portion of the checks, but they were not countersigned. Defendant used one of the lost checks to purchase beer at a sports bar. When the waitress took the check, Defendant signed his name to the "pay to the order of" line and produced his driver's license for verification. His signature on the check was the same as on his license. He had another check on his person. Based on these events, Defendant was charged with forgery of the first check, contrary to NMSA 1978, § 30–16–10 (1963), and receiving stolen property (retaining) of the second check, contrary to NMSA 1978, § 30–16–11 (1987).

{3} Defendant filed a motion to dismiss, contending that his actions in signing his own name to the first check and possessing the second check could not amount to forgery or receiving stolen property as a matter of law. Following a hearing, the district court dismissed both charges. This appeal followed.

## DISCUSSION

### Forgery

{4} The forgery statute provides: "Forgery consists of: A. falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud." Section 30–16–10(A). Defendant relied below, as he relies on appeal, on *State v. Deutsch*, 103 N.M. 752, 759–61, 713 P.2d 1008, 1015–17 (Ct.App.1985), in which we held that the president and sole shareholder of a mortgage company, that had been placed in receivership and which was being run by the receiver, did not commit the offense of forgery in the sense of falsely making a signature when he signed his own name as president to the back of checks made out to the mortgage company. In the *Deutsch* case, the receivership proceedings made it so that Deutsch was not authorized to cash the checks of the mortgage company. *See id.* at 755, 713 P.2d at 1011. The State relied below, as it relies on appeal, on *State v. Smith*, 95 N.M. 432, 433, 622 P.2d 1052, 1053 (Ct.App.1981), in which we held that it was forgery in the sense of altering a part of a writing when the defendant had his agent fill in the payee line

of a signed check on which the payee line had been blank, but was intended to be payable only to a person other than the defendant.

{5} Because *Deutsch* did not mention or discuss *Smith,* the trial court ruled that *Deutsch,* being the more recent case, controlled inasmuch as it was perceived to be inconsistent with *Smith.* The trial court also relied on the first element as set forth in the uniform jury instruction for forgery, which contains four alternative ways of committing the crime: (1) making up a false writing, (2) making a false signature, (3) making a false endorsement, and (4) changing a genuine writing so that its effect is different from the original. *See* UJI 14–1643, NMRA 2001. Defendant relies on *Deutsch* and the UJI language to argue that he did not make a false endorsement, but instead simply endorsed without authorization, which he argues is not a crime contemplated by the forgery statute.

■ {6} We disagree and take this opportunity to harmonize *Deutsch* and *Smith.* First, we note that *Deutsch* was concerned with making a false signature, and both *Smith* and this case are concerned with changing a genuine check so that its effect is different from the original. We recently stated, in *State v. Herrera,* 2001–NMCA–007, ¶ 8, 130 N.M. 85, 18 P.3d 326, that filling in the payee line of a blank but signed check, as was done in *Smith,* would alter the instrument if it would change an incomplete instrument from a bearer instrument to an order instrument. In *Herrera,* we held there was no forgery because a check made out to cash remained bearer paper even with a name improperly added to the payee line, and therefore the additional writing did not change the effect of the instrument. *Herrera* did not mention *Deutsch,* just as *Deutsch* did not mention *Smith.*

{7} Second, in *Deutsch,* the lack of authorization was totally outside the instrument. Deutsch was not permitted by the terms of the receivership to sign his own name to a check made out to his company. As we said in that case, "the writing itself must be a lie," *Deutsch,* 103 N.M. at 760, 713 P.2d at 1016, and there was nothing in the writing itself

that was a lie. The lie resided outside of the writing in the authorization or lack thereof.

{8} This case therefore is controlled by *Smith,* not *Deutsch.* The trial court erred in dismissing the forgery count. In so holding, we note in passing that the traveler's check was presented without countersignature. *See* NMSA 1978, § 55–3–104(i) (1992). The issue of legal efficacy was not raised or argued, either below or on appeal, although we note that the forgery statute requires only that the writing purport to have legal efficacy. We express no opinion on issues not raised or argued except to say that our recitation of the facts and our reversal is not intended to be a decision on the matter.

### Receiving stolen property

{9} In *State v. Bryant,* 99 N.M. 149, 655 P.2d 161 (Ct.App.1982), we held that the term "stolen" as used in the receiving stolen property statute did not include "embezzled" property. We reasoned that the deletion of any reference to embezzlement by amendment to the statute in 1972 expressed a legislative intent that property acquired by embezzlement was not stolen as required by the statute. *See id.* at 150–51, 655 P.2d at 162–63.

■ {10} After our decision, by amendment in 1983, the legislature enacted a definition of the words "stolen property." " '[S]tolen property' means any property acquired by theft, larceny, fraud, embezzlement, robbery or armed robbery." Section 30–16–11(C)(2). The State argues that Defendant stole the check by committing larceny when he converted found property to his own possession by using the check without the consent of the rightful owner. In so arguing, the State is relying on the "disposing of" portion of the receiving statute, whereas Defendant was charged with the "retaining" portion, and the State is also relying on the check that Defendant gave to the waitress, whereas Defendant was charged with receiving the check that was found in his possession. Accepting the State's argument that one can commit larceny of found goods by disposing of them, that argument is inapplicable to the charge made below.

{11} Even had the State charged Defendant with disposing of the check he gave to the waitress, we do not believe that it was stolen property as contemplated by the statute. The statute defines the property at the time of its acquisition. *See* § 30–16–11(C)(2). At the time Defendant acquired the checks, they were lost property. The trial court was correct in ruling that the receiving statute does not apply to Defendant's conduct.

## CONCLUSION

{12} We affirm the trial court's dismissal of the receiving stolen property count, and we reverse the dismissal of the forgery count and remand for further proceedings.

{13} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, IRA ROBINSON, Judge.