This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                **No. 33,846**

**CRYSTAL MARIE LEMANSKI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven H. Johnston, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Defendant Crystal Marie Lemanski was convicted of great bodily injury by vehicle while driving under the influence of intoxicating liquor, contrary to NMSA 1978, Section 66-8-101(C) (2004), reckless driving, contrary to NMSA 1978, Section 66-8-113(A) (1987), and driving while license suspended or revoked, contrary to NMSA 1978, Section 66-5-39(A) (1993, amended 2013). On appeal, Defendant seeks reversal of her conviction for great bodily injury by vehicle on the grounds that: (1) she was denied due process, (2) she received ineffective assistance of counsel, (3) the court's failure to sua sponte instruct the jury as to certain defenses constituted fundamental error, (4) her constitutional right to be present during trial was violated when the district court proceeded with a portion of the trial in her absence, and (5) the district court denied her ability to present a defense by refusing to allow a defense witness to testify.

**{2}** We conclude that Defendant has failed to demonstrate that any of the five alleged errors warrant reversal. We affirm.

**BACKGROUND**

**{3}** A jury found Defendant guilty of great bodily injury by vehicle while driving under the influence of intoxicating liquor, reckless driving, and driving with a suspended or revoked license. These crimes arose out of a melee in the parking lot of a bar during which, among other things, Defendant drove her car over Kevin Reed,

2

a bouncer who worked at the bar, causing a number of injuries to Mr. Reed, requiring two surgeries.

**{4}** On appeal, Defendant seeks reversal of her convictions, arguing that she was denied due process when the district court prohibited her counsel from arguing lack of specific intent to the jury, that her counsel was ineffective for failing to request jury instructions on certain defenses, that fundamental error resulted from the district court's failure to sua sponte instruct the jury as to self-defense, that her constitutional right to be present at trial was violated when a nineteen-minute portion of the trial proceeded in her absence, and that the district court deprived her of the opportunity to present a defense when it excluded a witness from testifying on the ground that the witness had been present in the courtroom for the State's presentation of the case.

**{5}** We hold that the district court properly precluded Defendant from arguing lack of specific intent during her closing argument. Great bodily harm by vehicle is a general, not a specific intent crime. As to Defendant's arguments regarding the defenses that were not raised by her counsel at trial, we conclude that because Defendant has failed to demonstrate prejudice, she has failed to make a prima facie showing of ineffective assistance of counsel. We also conclude that the district court was not obligated to sua sponte instruct the jury as to self-defense. We also hold that Defendant waived her right to be present at trial for the nineteen minutes during which

3

the trial proceeded without her. And finally, we hold that the district court did not abuse its discretion or improperly infringe on Defendant's right to present a defense when it precluded a witness, who had attended the trial, from testifying.

**DISCUSSION**

**Defendant's Due Process Argument**

{6}     Defendant argues that her due process right to present a defense was violated when the district court denied her the opportunity to argue in her closing argument to the jury that she lacked the criminal intent necessary to commit the crime of great bodily injury by vehicle. "Because trial judges are in the best position to assess the impact of any questionable comment, [the appellate courts] afford them broad discretion in managing closing argument." *State v. Sosa*, 2009-NMSC-056, ¶ 25, 147 N.M. 351, 223 P.3d 348. An appellate court will not find reversible error absent an abuse of that discretion. *Id.*

{7}     Section 66-8-101 criminalizes both homicide by vehicle and great bodily harm by vehicle. Homicide by vehicle is "the killing of a human being in the unlawful operation of a motor vehicle." Section 66-8-101(A). Great bodily harm by vehicle is injuring a human being, as defined in NMSA 1978, Section 30-1-12(A) (1963), in the unlawful operation of a motor vehicle. Section 66-8-101(B); § 30-1-12(A) (defining "great bodily harm" as "an injury to the person which creates a high probability of

4

death[,] or which causes serious disfigurement[,] or which results in permanent or protracted loss or impairment of the function of any member or organ of the body"). Section 66-8-101(C), pursuant to which Defendant was charged and found guilty, provides that "[a] person who commits homicide by vehicle or great bodily harm by vehicle while under the influence of intoxicating liquor . . . is guilty of a third degree felony[.]"

{8}     Before examining Defendant's closing argument and the court's at-issue rulings, we briefly discuss the intent requirement of great bodily injury by vehicle. Great bodily injury by vehicle is a general intent crime. *See State v. Jordan*, 1972-NMCA-033, ¶¶ 1, 9, 83 N.M. 571, 494 P.2d 984 (stating that general criminal intent is a necessary element of homicide by vehicle). Thus, the State was required to prove that Defendant purposefully engaged in an unlawful act, specifically, that Defendant voluntarily drove a vehicle while under the influence of intoxicating liquor. *State v. Marquez*, 2010-NMCA-064, ¶ 12, 148 N.M. 511, 238 P.3d 880 (discussing the general intent requirement of great bodily injury by vehicle); *State v. Dutchover*, 1973-NMCA-052, ¶¶ 16, 18, 85 N.M. 72, 509 P.2d 264 (holding that evidence that the defendant voluntarily drove a vehicle while under the influence constituted sufficient evidence of general criminal intent required to convict the defendant of homicide by vehicle). Great bodily injury by vehicle is not a specific intent crime such

that the State was required to prove Defendant intended to run a person over with her vehicle or that she intended to cause great bodily injury to any person.[1] *See State v. Jim*, 2014-NMCA-089, ¶ 6, 332 P.3d 870 (stating that a specific intent crime requires proof that the defendant intended "to do some further act or achieve some additional consequence" (internal quotation marks and citation omitted)), *cert. denied*, 2014-NMCERT-006, 328 P.3d 1188.

{9}     Having reviewed Defendant's counsel's closing argument, the State's relevant objections, and the district court's rulings, we conclude that the district court did not abuse its discretion when it limited Defendant's closing argument. The State made three objections during closing argument relating to the issue of intent, each of which occurred after Defendant's counsel argued that the State failed to present evidence that Defendant intentionally ran anyone over with her vehicle; each objection was sustained. After the third objection, the district court granted the State's request for a corrective instruction by advising the jury that there was "no element of the case

---

[1] In the present case, the jury was given a general intent instruction that pertained to other crimes with which Defendant was charged. Notably, this general intent instruction omitted any mention of and did not apply to the charge of great bodily injury by vehicle. Notably, as well, Defendant does not raise any contention of error related to the fact that the jury was not instructed that general criminal intent is an element of great bodily harm by vehicle. Defendant has therefore waived any argument in that regard. *See State v. Garcia*, 2013-NMCA-005, ¶ 9, 294 P.3d 1256 (stating that the defendant's failure to raise an argument in the brief in chief constitutes waiver and the issue will not be considered on appeal).

involving intentionally running people over. That's a misstatement of the law as applied to these facts."

**{10}** Because great bodily harm by vehicle is not a specific intent crime, Defendant was not entitled to defend herself against that charge by arguing that she did not intentionally or purposefully run anyone over with her vehicle. *Cf. State v. Nieto*, 2000-NMSC-031, ¶ 17, 129 N.M. 688, 12 P.3d 442 (holding that a defendant has no right to have a legally incorrect jury instruction read to the jury or to mislead the jury through a misstatement of the law); *Dutchover*, 1973-NMCA-052, ¶ 16 (recognizing that, in terms of the crime of homicide by vehicle, it was irrelevant whether the defendant had the specific intent to drive on the wrong side of the street or to kill someone with a motor vehicle). By denying Defendant the opportunity to present her specific intent theory to the jury, the district court acted in accordance with the law, thereby properly exercising its discretion. *See State v. Montoya*, 1999-NMCA-001, ¶ 5, 126 N.M. 562, 972 P.2d 1153 (stating that under an abuse of discretion standard of review, this Court considers whether the district court properly applied the law to the facts).

**Defendant's Ineffective Assistance of Counsel Argument**

**{11}** "We review claims of ineffective assistance of counsel de novo." *State v. Quiñones*, 2011-NMCA-018, ¶ 28, 149 N.M. 294, 248 P.3d 336. "To establish a prima

7

facie case of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the defendant suffered prejudice" as a result of the deficient performance. *Id.* (alterations, internal quotation marks, and citation omitted). "Failure to prove either prong of the test defeats a claim of ineffective assistance of counsel." *State v. Guerra*, 2012-NMSC-027, ¶ 23, 284 P.3d 1076 (internal quotation marks and citation omitted).

**{12}** Defendant argues that her counsel's performance was deficient because evidence at trial "raised legitimate issues of duress, self-defense, or defense of others" but her counsel "failed to consider" or give "any real thought" as to whether the jury should be instructed as to those defenses. Defendant cites no place in the record establishing what defense counsel's "considerations" or "thoughts" concerning the jury instructions were or might have been. Further, Defendant does not make any argument with respect to the prejudice prong of the ineffective assistance of counsel test. Thus, even were we to assume that counsel's performance was deficient, Defendant has failed to make a prima facie case of ineffective assistance of counsel. *See id.* (recognizing that where the defendant fails to make a showing of prejudice the appellate courts presume effective assistance). Accordingly, we do not consider this issue further.

**Defendant's Fundamental Error Argument**

{13} Defendant argues that fundamental error occurred as a result of the district court having failed to sua sponte instruct the jury on self-defense. "We will reverse for fundamental error when the foundation or basis of a defendant's case or an essential right in a defense is affected." *State v. Gee*, 2004-NMCA-042, ¶ 8, 135 N.M. 408, 89 P.3d 80. Defendant relies on *State v. Parish*, 1994-NMSC-073, 118 N.M. 39, 878 P.2d 988, with no pinpoint reference, for the proposition that because evidence was presented at trial that would have supported a self-defense instruction, self-defense became an essential element of the offense of great bodily injury by vehicle. And she relies on *State v. Barber*, 2004-NMSC-019, ¶ 20, 135 N.M. 621, 92 P.3d 633, for the proposition stated therein that "failure to instruct the jury on an essential element . . . ordinarily is fundamental error even when the defendant fails to object or offer a curative instruction."

{14} In *Parish*, a voluntary manslaughter case, the jury was instructed that to prove its case, the prosecution had to establish that the defendant killed the victim, that "[t]he defendant knew that his acts created a strong probability of death or great bodily harm to [the victim,]" and that this occurred in New Mexico on a particular date. 1994-NMSC-073, ¶ 6. The jury was not instructed that "unlawfulness" was an element of the crime. *Id.* ¶ 5. The jury was instructed on self-defense. *Id.* Our Supreme

9

Court held that, where the issue of self-defense is presented to the jury, unlawfulness becomes an essential element of the crime of voluntary manslaughter because self-defense would negate the element of unlawfulness. *Id.* ¶¶ 8, 10. The *Parish* Court concluded that it was reversible error to have omitted the essential element of unlawfulness under the circumstances of that case. *Id.* ¶ 12. Despite Defendant's assertion to the contrary, *Parish* does not stand for the proposition that self-defense is an "element" of the crime of great bodily injury by vehicle. *Cf. id.* ¶ 10 ("[S]elf-defense is not a necessary element in all manslaughter cases[.]").

{15}    Defendant argues, further, that under Rule 5-608(A) NMRA, the district court had a duty to instruct the jury on all issues necessary to its verdict and that the district court failed in that duty by not instructing the jury on self-defense. *Id.* ("The court must instruct the jury upon all questions of law essential for a conviction of any crime submitted to the jury."). While Rule 5-608(A) imposes a duty to instruct the jury on essential elements of a crime, it does not impose any such duty in regard to defenses that may be raised by a defendant. *See State v. Savage*, 1992-NMCA-126, ¶ 11, 115 N.M. 250, 849 P.2d 1073 (stating that Rule 5-608(A) requires the district court to instruct the jury on essential elements of a crime, it does not require the court to instruct the jury on defenses that are not essential elements of the crime). Defendant cites no authority for the proposition that the district court's failure to sua sponte

instruct the jury as to a defense that Defendant did not raise at trial constitutes fundamental error. *Barber* does not support that proposition. *See Barber*, 2004-NMSC-019, ¶ 20 (discussing fundamental error as a result of failure to instruct the jury on an essential element of a crime).

{16} In sum, self-defense was not an essential element of great bodily injury by vehicle, and the district court did not have a duty to sua sponte instruct the jury regarding that defense. Defendant's arguments to the contrary fail to demonstrate error, fundamental or otherwise.

**Defendant's Argument Regarding Her Absence From Trial**

{17} On the second day of trial, Defendant was absent from court at 8:50 a.m., the time that the case was set to proceed; it was later revealed by Defendant's counsel that Defendant was late because she overslept. Defendant's counsel reported to the court that Defendant would be in court by 9:20; Defendant finally arrived at 9:41 by which time the trial had continued in her absence for approximately nineteen minutes. On appeal, Defendant argues that by proceeding in her absence, the district court violated her Sixth Amendment right to confront witnesses against her. *See State v. Clements*, 1988-NMCA-094, ¶ 12, 108 N.M. 13, 765 P.2d 1195 ("A defendant's right to be present during all stages of a criminal trial has its genesis in the [S]ixth [A]mendment's [C]onfrontation [C]lause and the [F]ourteenth [A]mendment's [D]ue

[P]rocess [C]lause."). We review constitutional issues de novo. *State v. Marquart*, 1997-NMCA-090, ¶ 7, 123 N.M. 809, 945 P.2d 1027.

**{18}** Constitutional rights, including the right to be present during trial, may be waived. *State v. Padilla*, 2002-NMSC-016, ¶ 12, 132 N.M. 247, 46 P.3d 1247. In the present case, Defendant expressly waived her right to be present during the at-issue nineteen minutes of trial when her counsel stated, "I don't object to proceeding in [Defendant's] absence given the fact that it was her responsibility to be [in court]." Defendant did not argue below and she does not argue on appeal that her counsel improperly waived her right to be present during the at-issue nineteen minutes of trial. Nor does she demonstrate any prejudice, particularly since the first witness to testify that day was a defense witness, who did not take the stand until 9:40 a.m., less than one minute before Defendant arrived in the courtroom. Having waived her right to be present, Defendant cannot now argue that her absence requires reversal of her convictions.

**Defendant's Argument That She Was Denied the Ability to Present a Defense**

**{19}** Defendant argues that the district court abused its discretion by excluding a witness listed but not called by the State, who Defendant decided later that she wanted to call, from testifying on the ground that, in violation of Rule 11-615 NMRA and in contravention of the district court's opening instructions, the witness had remained in

the courtroom during the State's presentation of its case. *See id.* ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony, or the court may do so on its own."). She further argues that by excluding the witness's testimony, the district court deprived her of her constitutional right to present a defense.

**{20}** We review the district court's decision to exclude testimony because of a violation of Rule 11-615 for an abuse of discretion. *State v. Ruiz*, 1995-NMCA-007, ¶ 22, 119 N.M. 515, 892 P.2d 962. We review constitutional issues de novo. *Marquart*, 1997-NMCA-090, ¶ 7; *see State v. Rosales*, 2004-NMSC-022, ¶ 7, 136 N.M. 25, 94 P.3d 768 (recognizing that a defendant has a constitutional right to present "witnesses to establish a defense" (internal quotation marks and citation omitted)).

**{21}** The district court found that Ms. Powers, the at-issue defense witness, "clearly attended virtually the entire trial." Ms. Powers's physical appearance rendered her presence conspicuous because, in the court's words, she "stands out," she was one of two, and at the most eight, spectators who attended the trial, and she was one of the two people who sat behind Defendant throughout the trial. The court further determined that to conclude that Defendant's counsel did not notice that Ms. Powers was present during the trial would be "unreasonable" particularly because Ms. Powers

13

walked out of the courtroom with Defendant during every break, and they were sometimes joined by Defendant's counsel. The district court concluded that it was Defendant's counsel's obligation to monitor a witness he intended to call to ensure that they were not in the courtroom during trial and that Ms. Powers should not have been in the courtroom if she was going to testify. Based on the foregoing, the district court ruled that Ms. Powers could not testify.

{22}     Rule 11-615 serves to prevent a witness from tailoring her testimony according to her observations at trial. *See Ruiz*, 1995-NMCA-007, ¶¶ 21-22 (holding that the district court properly exercised its discretion under Rule 11-615 when it excluded a witness from testifying because the witness "could have easily tailored her testimony" to accord with the defense's version of the facts). Ms. Powers, having witnessed the State's evidentiary presentation, was in a position to tailor her testimony in a manner favorable to the defense. Under these circumstances, we will not conclude that the district court abused its discretion. *See id.* To the extent that Defendant claims that this resulted in a violation of her right to present a defense, we conclude that by not ensuring that Ms. Powers remained outside of the courtroom during the trial as required by Rule 11-615, Defendant forfeited her right to present Ms. Powers as a defense witness. *See Rosales*, 2004-NMSC-022, ¶ 8 (recognizing that "[a] defendant's right to present evidence on his own behalf is subject to his compliance with

established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence" (internal quotation marks and citation omitted)).

**CONCLUSION**

{23}    We affirm.

{24}    **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**